Jacob J. Schwartzwald, J.
This is a motion pursuant to rule 106 of the Rules of Civil Practice to dismiss the complaint for legal insufficiency. The complaint purports to state a cause of action under section 795 of the Civil Practice Act which provides, insofar as it is material to this motion, that: “ Where it appears from the examination or testimony taken [in proceedings supplementary to judgment] or other proof satisfactory to the court that a person or corporation is indebted to the judgment debtor, the court may make an order authorizing the judgment creditor to maintain an action against such person or corporation for the recovery of such debt. * * * Such order or judgment entered in the authorized action may provide for the disposition of any moneys in excess of the sum required to pay the creditor’s judgment, costs, disbursements and expenses allowed by the court.”
The complaint alleges, in substance, that the plaintiff recovered a judgment in this court against the defendant Thomas A. Scala on December 8, 1955 on which there is an unpaid balance of $9,025, with interest; that on February 2, 1956 plaintiff instituted supplementary proceedings against said defendant; that plaintiff believes that the defendant Lucy Scala is indebted to defendant Thomas A. Scala, her husband, in the sum of $20,000; that the instant action was authorized by an order made in said supplementary proceedings for the recovery of the alleged debt.
The complaint further alleges upon information and belief that defendant Lucy Scala is the alleged owner of and controls a bicycle business, a lease on certain premises in Brooklyn which she has subleased and from which she is entitled to the net income, and that she maintans two specified savings bank accounts; that all of said assets as well as other property having a net worth in excess of $20,000 are, in truth and in fact, the sole property of the defendant Thomas A. Scala and are allegedly owned, maintained and conducted in the name of his wife as a false front and for the sole purpose of preventing creditors of defendant Thomas A. Scala from attaching, reaching or levying against said property; that Lucy Scala is indebted to her husband in the sum of $20,000; and finally, demands judgment for that sum with costs and disbursements and providing for the disposition of any moneys in excess of the sum required to pay plaintiff’s above-described judgment.
Construing the attacked pleading most liberally and giving it the benefit of every intendment, it falls short, in my opinion, of setting forth sufficient ultimate facts to sustain the naked *34 and conclusory allegations of ownership, fraud or indebtedness of defendant Lucy Scala to her husband (Silverstein v. Exciting Fashions, 281 App. Div. 854; Thrifty Outlet Stores v. Erwill Realty Corp., 283 App. Div. 941).
There is no merit to plaintiff’s contention that the mere granting of permission to institute this action by an order in the supplementary proceedings is prima facie sufficient to set forth the existence of an indebtedness owing from Lucy Scala to her husband.
Accordingly, the motion is granted, with leave to plaintiff to plead over. Settle order on notice.