Benjamin Brenner, J.
This is a judgment creditor’s action brought pursuant to section 795 of the Civil Practice Act to recover a debt claimed to be due to the judgment debtor by his wife. The judgment was recovered in an action based on fraud.
It is plaintiff’s contention that two savings bank accounts, an interest in a leasehold and a business known as Scala Bike Co. constitute assets which, while nominally owned by the judgment debtor’s wife, the defendant Lucy Scala, were procured and maintained by the judgment debtor and that he is, in fact, the true owner of these assets. The plaintiff has failed to establish that the judgment debtor has any claim of ownership to the bank accounts and leasehold interest. The remaining question is whether the judgment debtor has a proprietary interest in the Scala Bike Co., legally adequate to constitute a debt within the meaning of the statute.
While the funds which were originally used to establish the business, namely a bank loan of $1,500 obtained by pledging a bank account of the wife as collateral, an advance of $1,000 in *892 cash and the payment of two months’ rent for the premises occupied by the firm were the property of the wife, most of these funds were repaid by the business. In addition, the plan for the establishment of this business was conceived and carried out by the judgment debtor on behalf of his wife who is so illiterate that she is unable to read or write in any language and must even copy her signature when it is required, as was done when she filed the business certificate. Since its establishment in 1952, the wife has had no knowledge whatsoever of the operations of the firm of which she supposedly is the sole proprietor. Her disinterest is so great that she never even entered the business premises. The judgment debtor testified that from 1952 up to the present time he alone repaired, bought and sold bicycles, obtained loans, paid creditors, wrote checks and completely operated, managed and controlled its affairs. For all of these activities he received no compensation other than “ room and board.”
The court denied a motion made by plaintiff to conform the pleading to the proof of unpaid salary as a basis for the alleged debt because of defendant’s claimed surprise and plaintiff’s serious departure from the theory of his claim. However, the activities of the husband, begun before but continued after the entry of plaintiff’s judgment, by which he alone caused the business to reach its present worth, have produced a proprietary interest which constitutes a debt due to him by the firm conducted in the sole name of his wife. In my view, the credible evidence here sufficiently establishes a legal liability to the judgment debtor for at least 50% of the net worth of the Scala Bike Co., exclusive of the wife’s personal bank accounts and other purely private assets as shown in her credit reports.
Section 795 of the Civil Practice Act, allowing a judgment creditor to maintain an action against a third party to recover a debt owing to a judgment debtor, unlike section 794, deals with unconceded and seemingly doubtful claims, whose true nature is left for determination by the trier of the facts (Matter of Powley v. Borland Bldg. Co., 281 N. Y. 423). The word “debt” is defined in Webster’s International Dictionary as “that which one person is bound to pay to another, or to perform for his benefit.” Section 270 of the Debtor and Creditor Law defines a “debt” as “any legal liability, whether matured or unmatured, liquidated or unliquidated, absolute, fixed or contingent. ’ ’
It is to be borne in mind that article 45 of the Civil Practice Act, “Proceedings Supplementary to Judgment”, of which section 795 is a part, was intended to supplement, any other *893 remedies which a judgment creditor might have for the enforcement of his judgment. This section was first enacted by the Legislature in 1934 as section 792-a (L. 1934, ch. 645). It was re-enacted in the same form the following year as section 795 (L. 1935, ch. 630). The action of the Legislature followed the 1934 Report of the Commission on the Administration of Justice in New York State. Among- other recommendations concerning the enlargement of judgment creditors’ remedies, the commission recommended that the courts have the power to require ‘ ‘ a third party to pay over to the judgment creditor any money belonging to the judgment debtor in the possession or control of such third party, in satisfaction or reduction of the judgment ” (Report of Comm, on Administration of Justice in New York State, 1934, p. 361). The purpose of this and other changes was stated by the commission (p. 345): “ Let us suppose that our civil law and procedure has been so perfected that our courts are able to render, without undue delay, red tape, or disproportionate expense, an absolutely just decision in every case. Has the aim of justice been attained? No, not until the decision or judgment in the case has been carried out. Until then justice has been done only theoretically, while as a practical matter it has not been done.” So, in the present situation, merely obtaining the judgment has not given the judgment creditor substantial justice and where, as here, there is property to which the judgment debtor has a rightful claim, such property constitutes a debt within the meaning of section 795 so that it can be recovered by the judgment creditor to satisfy or reduce his judgment.
Plaintiff is entitled to judgment against the defendant, Lucy Scala, in a sum not exceeding the unpaid balance of the judgment-together with interest, and to the extent only of one half of the net worth of Scala Bike Co., without reference to outside private assets of Lucy Scala, said sum to be determined by the court at chambers on November 14, 1958 at 2:00 p.m.