Jacob J. Schwartzwald, J.
Application by judgment creditor in proceedings supplementary to judgment for an order authorizing the maintenance of an action against a third party, a bank, which allegedly has property in its possession belonging to the judgment debtor, to wit, certain escrow funds held for the account of the judgment debtor; restraining the transfer or other disposition of such property until said action can be commenced and prosecuted to judgment; and directing the delivery by the judgment debtor to the judgment creditor of all papers and proof in the possession and control of the judgment-debtor and necessary in the prosecution of the action.
The judgment debtor offers no objection to the relief sought on this motion except insofar as said judgment debtor asks that it be permitted to furnish photostatic copies, instead of the originals, of the papers and proof sought by the judgment creditor. The third-party bank opposes the motion as being prematurely brought in that it is claimed that the indebtedness has not matured; and it is further contended that there are other creditors having a prior right to satisfy their respective claims out of the escrow funds held by the bank.
It appears that, after making due allowance for the application of so much of the escrow funds as is required for the specific purposes for which they were held and for the satisfaction of prior claims, a surplus remains in an amount more than sufficient to pay the amount of the instant creditor’s judgment.
The motion is, accordingly, disposed of as follows: Leave to sue is granted to the judgment creditor; the bank is restrained *514 from transferring or otherwise disposing of so much of the funds held in escrow as may be required to pay the amount of the creditor’s judgment, in the event of a recovery against the bank, together Avith such costs, disbursements and expenses as may be allowed by the court. (Civ. Prac. Act, § 795.) Photostatic copies of all papers and proof in the possession and control of the judgment debtor and necessary in the prosecution of the action to be commenced, shall be furnished to the judgment creditor.
The court is not required to find as a condition to granting relief under section 795 of the Civil Practice Act, pursuant to which section the instant application presumably is made, that the debt has matured or that it in fact exists. (See Caldovino v. Scala, 14 Misc 2d 891, 892; Matter of Caldovino, N. Y. L. J., Nov. 27, 1956, p. 11, col. 7.) As was said in the latter case: “ It is sufficient if there be a prima facie showing of indebtedness, a reasonable or plausible basis for the judgment-creditor’s claim.” (Cf. Caldovino v. Scala, 6 Misc 2d 32, 34.) There is such a shoAving and such a basis in the instant case.