(17 App. Div. 218.)

### MOORE et al. v. EMPIE.

(Supreme Court, Appellate Division, Third Department. May 18, 1897.)

SUPPLEMENTARY PROCEEDINGS — APPOINTMENT OF RECEIVER—WAIVER OF NOTICE.

 A judgment debtor's right to notice of an application for the appointment of a receiver is waived by the consent of his attorney to appear at the hearing of the application, where the attorney was duly authorized to represent the debtor, and the proceeding was in the supreme court.

Appeal from order of Fulton county judge.

Action by Eleanor Moore and Borden D. Smith, as receiver in supplementary proceedings of Pearl Empie, against said Pearl Empie. From an order vacating and setting aside the appointment of the receiver, plaintiffs appeal. Reversed.

The plaintiff in this action, Eleanor Moore, heretofore recovered a judgment against Pearl Empie, and, upon the return of the execution unsatisfied, an order in supplementary proceedings was issued; and such proceedings were thereupon had that Borden D. Smith was appointed receiver of all the debts and property of such judgment debtor. The order appointing Smith receiver was made March 30, 1896. In May, 1896, as such receiver, Smith commenced an action against the defendant, Pearl Empie, and Fannie Empie, his daughter, for the purpose of setting aside as fraudulent a certain conveyance of real estate made by the defendant, Pearl Empie, to his daughter, Fannie Empie. On the 15th of February, 1897, the defendant and his attorney made certain affidavits, upon which they procured an order to show cause, dated the 15th of February, why such order appointing Smith receiver should not be vacated and set aside, which order to show cause was returnable the 16th day of February, 1897. On the 17th day of February, 1897, the county judge made an order vacating and setting aside the order theretofore made by him appointing Smith receiver. The order appealed from vacated the order appointing a receiver, upon the ground that such order contained the following statement: "At least two days' notice of the application of the order appointing a receiver of the property of a judgment debtor having been given personally to him;" and it being held by the county judge that the notice required by law was a written notice, and that in fact it appeared that no written notice had been

given to the defendant, personally or otherwise, of the application for the appointment of a receiver. The undisputed facts are: That, at the close of the examination of the defendant in the proceedings supplementary to execution, the plaintiffs' attorney gave the following verbal notice to the defendant: "Notice is hereby given by plaintiff's attorney to the defendant, judgment debtor, that an application for the appointment of a receiver of the property of the judgment debtor will be made forthwith to the county judge of Fulton county, upon the return of the referee's report in these proceedings." That thereupon, it appearing that the county judge was at that time in a different part of the county from where the examination was being conducted, it was agreed between the plaintiff's attorney and the attorney who appeared for and represented the defendant upon such examination that they would appear before the county judge at his chambers in the city of Johnstown, on Monday, the 30th day of March; and it was also agreed between such attorneys, subject to the approval of the court, that Borden D. Smith should be named for appointment as such receiver. Pursuant to such agreement, plaintiff's attorney and the defendant's attorney appeared before the county judge on the 30th day of March, and the receiver they had agreed upon was then and there appointed; the defendant's attorney at that time making no objection that no notice or proper notice of the application had been given.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Andrew J. Nellis, for appellants.
Philip Keck, for respondent.

HERRICK, J. The order appealed from should be reversed, as having been improvidently made. Conceding that the defendant was entitled to receive two days' notice in writing of the application for the appointment of a receiver, that was a requisite that he could waive. The proceedings were proceedings in the supreme court, where attorneys are recognized, and where their acts in the course of the proceedings in which they are employed are binding upon their clients. The defendant was represented by an attorney, and that attorney voluntarily agreed to appear before the county judge at a time stated, for the purpose of attending to an application, which is an ordinary one in supplementary proceedings. He agreed upon the receiver to be appointed, and, by his acts, waived any objections that might have been raised by or in behalf of his client to the regularity of the proceedings. There is no claim in the moving papers that the attorney was not authorized to appear for the defendant, or that it was not a proper case for the appointment of a receiver. It is unnecessary to cite precedents as to the authority of an attorney to appear for his client, and to what extent he can bind him, or waive requirements of practice in the progress of litigation or of special proceedings.

The order should be reversed, with $10 costs and disbursements of this appeal, and the motion denied, with $10 costs. All concur.