CATHOLIC UNIVERSITY OF AMERICA v. CONRAD.

(City Court of New York, General Term. April 27, 1899.)

RECEIVERS—NOTICE OF APPLICATION—SERVICE ON ATTORNEY.
    Service of notice of application for the appointment of a receiver for a judgment debtor on the attorney of record of the judgment debtor in the action in which the judgment was obtained is not a sufficient compliance with Code Civ. Proc. § 2464, requiring personal service on the judgment debtor unless dispensed with by the judge for reasons shown.

Appeal from special term.

Action by the Catholic University of America against Edward E. Conrad. From an order denying defendant's motion to vacate an order appointing a receiver of his property, he appeals. Reversed.

Argued before CONLAN and O'DWYER, JJ.

Wells & Andrews, for appellant.
Abram Kling, for respondent.

PER CURIAM. This is an appeal from an order of the special term entered herein July 6, 1898, denying defendant's motion to vacate an order appointing a receiver of defendant's property in supplementary proceedings, on the ground that said last order was irregular, in having been granted without personal notice to the defendant. Section 2464 of the Code requires personal service of the application for the appointment of a receiver to be served on the judgment debtor, unless dispensed with by the judge for reasons shown. No such application was made in this case, nor is it claimed that the notice of application was served on the judgment debtor, but it is claimed that the notice was served on the attorneys of record for the defendant in the action in which the judgment was obtained, and that such service was equivalent to service on the debtor personally. We do not think so. The attorneys of record could have appeared on the motion, and waived personal service, as in the case of Moore v. Empie, 17 App. Div. 218, 45 N. Y. Supp. 539; but they did not do so, but elected to treat the service as a nullity. This they had a right to do, and it follows that the service was not such as is required by the Code, and the order entered thereon must be reversed, with costs.