JOHANNA KENNEY, Respondent, *v.* SOUTH SHORE NATURAL GAS AND FUEL COMPANY, Defendant.

GEORGE CLINTON, as Trustee for the Bondholders of SOUTH SHORE NATURAL GAS AND FUEL COMPANY et al., Appellants.

Supplementary proceedings — summary order directing payment of judgment from money in hands of receiver of judgment debtor — such order should not be made unless judgment debtor's right to such money is undisputed.

A summary order should not be made in a proceeding supplementary to execution for the application of money or property to the payment of the judgment unless the judgment debtor's right to the immediate possession of such money or property is substantially undisputed.

Where the property of a corporation is in the hands of a receiver appointed in an action for foreclosure, an order should not be made in a supplementary proceeding that such receiver pay or secure the amount of a subsequent judgment, when the question is controverted as to whether there is a surplus applicable to such payment, until that fact has been determined at the end of the foreclosure suit, more especially where the judgment creditor is litigating the validity of the mortgage and of prior judgments.

*Kenney* v. *South Shore Natural Gas & Fuel Co.,* 140 App. Div. 941, reversed.

(Argued January 4, 1911; decided February 14, 1911.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 23, 1910, which affirmed an order of Special Term directing the receiver of the defendant in the above-entitled action, South Shore Natural Gas and Fuel Company, to pay to the plaintiff therein the amount of a judgment theretofore recovered by her in such action, or to give security for the payment thereof.

The facts, so far as material, are stated in the opinion.

*George Clinton* and *Augustus G. Striker* for appellants. The order is an arbitrary diversion of moneys in the hands of the receiver from the business which he is directed by the order of the court to carry on. (*Grover* v. *McNeely,* 72 App. Div. 575; *Bank of Ogdensburgh* v. *Arnold,* 5

Paige, 38 ; *Astor* v. *Turnder*, 11 Paige, 436 ; *Argall* v. *Pitts*, 78 N. Y. 239 ; *Wyckoff* v. *Scofield*, 98 N. Y. 475; *D. & M. Mfg. Co.* v. *Cannella*, 89 Hun, 21.) The order of the court, in effect, determines the questions involved in the appeal to the Court of Appeals and in the actions brought by the plaintiff upon the ground of fraud. This is an unheard-of proceeding on the part of the court ; it is a determination of issues in pending litigations upon affidavits presented on the motion. (*Moller* v. *Wells*, 29 Hun, 587 ; *Rodman* v. *Henry*, 17 N. Y. 482; *Barnard* v. *Kobbe*, 54 N. Y. 516 ; *Krone* v. *Klotz*, 3 App. Div. 587; *Holmes* v. *O'Regan*, 68 App. Div. 318 ; *Schrauth* v. *D. D. S. Bank*, 86 N. Y. 390.) There is no statutory or other warrant for the order. It directs payment of property to which there is a substantial dispute the right to which must be determined by an action. (*Barnard* v. *Kobbe*, 54 N. Y. 516.)

*Thomas H. Larkins* for respondent. The receiver is at all times subject to the direction of the court in the performance of its duties. (*People* v. *Bank of Staten Island*, 112 App. Div. 791 ; *Ward* v. *Petrie*, 157 N. Y. 301; *Tillotson* v. *Wollcott*, 48 N. Y. 188.) The defendant being solvent and the receiver carrying on the business for the purpose of delaying creditors, plaintiff is entitled to the order appealed from. (*Wallace* v. *Wallace*, 21 App. Div. 542; *Schloss* v. *Schloss*, 14 App. Div. 40; *Matter of Thompson*, 10 App. Div. 40 ; *Halpin* v. *Mutual Brewing Co.*, 91 Hun, 220 ; *Duncan* v. *Treadwell*, 82 Hun, 376 ; *Meyers* v. *Meyers*, 15 App. Div. 488 ; *Webster* v. *Lawrence*, 47 Hun, 565.) The court has power to control the disposition of the funds in the hands of the receiver. (*Brian* v. *Light*, 37 Misc. Rep. 771 ; *Youngs* v. *Klunder*, 7 N. Y. Supp. 498.)

WILLARD BARTLETT, J. On December 11, 1908, the plaintiff recovered a judgment against the defendant for the sum of $16,338.62, upon which an execution was duly issued and returned unsatisfied. Prior to this time a suit

had been instituted against the defendant by George Clinton, as trustee, for its bondholders to foreclose a mortgage on the corporate property ; and in this foreclosure action William E. Carroll had been appointed receiver *pendente lite* with power to continue the business of the corporation so far as might be necessary to protect its property and to secure the rents, issues and profits thereof during the continuance of the suit. Judgment of foreclosure and sale was obtained in the foreclosure action, but the sale under the judgment was prevented by the institution of a suit by the plaintiff to vacate and set aside such judgment in which a preliminary injunction was granted restraining all proceedings thereunder. In this condition of things the plaintiff as judgment creditor of the South Shore Natural Gas & Fuel Company obtained an order extending the receivership of William E. Carroll, the receiver in the foreclosure suit, to her action " and the judgment and proceedings had and taken therein." Thereafter and upon notice to the defendant, the trustee and the receiver, the plaintiff obtained an order at a Special Term of the Supreme Court that William E. Carroll, the receiver of the defendant judgment debtor, the South Shore Natural Gas & Fuel Company, pay the plaintiff's judgment for $16,338.62 within ten days, unless in the meantime the defendant should give an undertaking in writing in the sum of $25,000 to the effect that if said judgment which had been appealed from or any part thereof was affirmed by the Court of Appeals, the defendant would pay the sum recovered or directed to be paid by the judgment debtor, or the part thereof as to which it should be affirmed.

This order of the Special Term has been affirmed by the Appellate Division, two members of which, however, dissented upon the ground that the payment of the judgment could not be compelled in this summary way.

We·agree with the view entertained by the dissenting justices in the Appellate Division. All the property of the defendant corporation was in the possession of the receiver in the foreclosure suit. The learned counsel for the plaintiff

contends that this was more than sufficient to satisfy the claims of the bondholders and that there was a surplus in the hands of the receiver properly applicable to the payment of this client's judgment. This allegation, however, was by no means conceded, but was distinctly controverted by the papers read in behalf of the receiver on the motion, according to which the receiver had in hand only $7,000, against which there were chargeable claims immediately payable amounting to $5,000. The question as to what and how much of the property held by Mr. Carroll as receiver was properly applicable to the claims in the foreclosure action and how much remained for the liquidation of the plaintiff's judgment was a question which could not be determined until the end of the foreclosure suit unless the facts were all conceded so that it distinctly appeared that there was a surplus out of which the plaintiff's judgment could be paid. This was a controverted issue upon the motion and the mere fact that there was a dispute about it should have led to a denial of the application.

Under section 2447 of the Code of Civil Procedure where it appears from the testimony taken in supplementary proceedings that a person has in his possession or under his control money or other property belonging to the judgment debtor an order may be made directing such person immediately to pay the money or deliver the property to the sheriff or to the receiver in supplementary proceedings in case one has been appointed. Such an order can be made, however, only when the judgment debtor's right to the possession of the money or property *is not substantially disputed.* If there is a real controversy in this respect it cannot be settled in supplementary proceedings, but must await determination in an appropriate action. (*Rodman* v. *Henry,* 17 N. Y. 482; *Barnard* v. *Kobbe,* 54 N. Y. 516.) The application in the present case was analogous to a motion under the section cited. Mr. Carroll was a receiver in two capacities : *First,* in the foreclosure suit ; *secondly,* in the proceedings supplementary to the plaintiff's execution. In the latter capacity

his receivership was subordinate to his receivership in the mortgage foreclosure suit.   The effect of the order which the plaintiff sought to obtain and did obtain at Special Term would be to compel him to apply to the payment of the plaintiff's judgment a sum equal to the amount thereof whether there was any such surplus over the amount legally recoverable in the mortgage foreclosure suit or not.   In other words, it was equivalent to an order under section 2447 commanding a third person to pay money to a receiver in supplementary proceedings which as we have already seen cannot be made unless the right of the judgment debtor thereto is substantially undisputed.   Here the right of the South Shore Natural Gas & Fuel Company to any surplus sufficient to satisfy the plaintiff's judgment was disputed, for Mr. Carroll denied that he had in his hands enough money to pay the plaintiff's claim over and above prior claims in judgment against the property in his possession.   It has long been a feature of our procedure supplementary to execution that no summary order shall be made therein for the application of money or property to the payment of the judgment unless the judgment debtor's right to the immediate possession of such money or property is substantially undisputed.

There was another legal objection to granting the application embodied in the order under review.   The plaintiff after the judgment of foreclosure began an action to have the mortgage declared fraudulent as against her, and also actions to set aside as fraudulent a number of judgments obtained against the corporation after the commencement of the foreclosure suit and prior to her own judgment.   These suits were all pending and yet by the decision of this motion in her favor she obtained all the pecuniary benefit she could acquire if she had been successful in all of them.

The order appealed from should be reversed and motion denied, with costs to the appellants in all courts.

Cullen, Ch. J., Vann, Werner, Hiscock, Chase and Collin, JJ., concur.

Order reversed, etc.