In the Matter of Supplementary Proceedings: JOSEPH A. BRODERICK, as Superintendent of Banks of the State of New York, Judgment Creditor, *v.* JENNIE STECHER, Judgment Debtor.

METROPOLITAN LIFE INSURANCE COMPANY, Third Party.

Supreme Court, Special Term, New York County, August 11, 1941.

*Carl J. Austrian,* for the judgment creditor.

*Harvey Ingram Lehr,* for the judgment debtor.

*Tanner, Sillcocks & Friend,* for the third party.

BERNSTEIN, J.  Motion by the Superintendent of Banks as a judgment creditor to obtain the cash surrender value on a certain industrial insurance policy issued by the Metropolitan Life Insurance Company on the life of the judgment debtor is denied   This is not a case where the insurance company, as third party, has an acknowledged indebtedness to the judgment debtor and is ready and willing to pay it to him or to any one else entitled thereto. Here, the insurance company takes the position (a) that its obligation to pay the surrender value depends upon a written application for such surrender made by the insured or a lapse resulting from the non-payment of the premium, neither of which has occurred, and (b) that the policy involved is of the industrial type, containing a "facility of payment clause," under which the proceeds are not payable to the estate absolutely, but in certain events, to a relative or other person appearing to the company to be equitably entitled to the proceeds.  (*Sullivan* v. *Bock,* 157 Misc. 327; *Egan* v. *Unden,* N. Y. L. J. Jan. 20, 1937, p. 330.) Thus, it presents a case where the insurance company denies that it is indebted to the judgment debtor in any amount within the meaning of article 45 of the Civil Practice Act.  This denial of an indebtedness by the third party raises an issue of fact which cannot be summarily settled by motion.  It must await a trial in an action brought by the judgment creditor or a receiver of the judgment debtor.  (Civ. Prac. Act, § 794, subd. 2; *Bank of United States* v. *Canal Securities Corp.,* 250 App. Div. 505; *Powley* v. *Dorland Building Co., Inc.,* 256 id. 934.)  The logic of the situation is tersely stated by the Court of Appeals: "If we consider that the position taken by the assurance society may be open to question, we at least have the fact that the company denies any liability upon the policies and questions the debt. * * *  The debt or obligation being denied, the controversy cannot be settled upon a motion, but only by an action, in which, under our Constitution, the assurance society would be entitled to a jury trial."  (*Rosenberg* v. *Rosenberg,* 259 N. Y. 338.)