In the Matter of MAWHINNEY-WAACK, INC., Judgment Creditor, against R. ALAN PHILIP, Judgment Debtor.

Supreme Court, Special Term, Onondaga County, January 29, 1951.

*Wilfreda Stone* for judgment creditor.

*Thomas B. Preston* for judgment debtor.

*Raymond Barth* for Merchants National Bank and Trust Company.

*George M. Penney* and *Robert G. Iles* for Mutual Benefit Life Insurance Company.

Malpass, J.  This is an application under section 794 of the Civil Practice Act for an order directing the payment to the judgment creditor of money claimed to be due or to become due to the judgment debtor.

The affidavits show that the judgment debtor and his wife are the owners of certain real property located in the Town of Lysander, this county, and that the Mutual Benefit Life Insurance Company holds a mortgage against said property which is in the process of foreclosure.  It appears that judgment in the foreclosure has been rendered and that the sale of the property under this judgment is to be had on February 10, 1951. It also appears that another action has been brought against the judgment debtor and his wife by the Merchants National Bank and Trust Company and that a warrant of attachment has been issued in the latter action against the same property which is the subject of the foreclosure action.  It further appears that the judgment held by the judgment creditor in this proceeding was entered upon a confession of judgment by the judgment debtor who as afore-mentioned holds title to the real property with his wife as tenants by the entirety.  It appears that the judgment in the foreclosure action contains the usual provisions as to the disposition of any surplus moneys resulting from the sale of the property and directs that such surplus be deposited with the County Treasurer of Onondaga County.  The purpose of this motion is to procure an order directing the referee who sells the property to pay to the Sheriff the amount necessary to satisfy the judgment creditor's judgment in the event there are surplus moneys remaining in said referee's hands after the sale of the property in the foreclosure action.  Both the wife of the judgment debtor and the Merchants National Bank and Trust Company, plaintiff in the second action afore-mentioned, dispute the right of the judgment creditor to the relief sought and assert title to said surplus moneys, if any, paramount to that of the judgment creditor.

Rules 261, 262 and 263 of the Rules of Civil Practice provide an adequate procedure for the judgment creditor to follow in seeking payment of its judgment out of any surplus moneys resulting from the foreclosure action.  No reason has been given by the judgment creditor as to why the order sought should be granted except that there may be other claimants to the surplus moneys.  A summary order such as is sought in this application should not be granted where there is a dispute as to the ownership of the surplus moneys.  (*Matter of Bank of United States*

v. *Canal Securities Corp.*, 250 App. Div. 505; *Matter of Powley* v. *Dorland Bldg. Co.*, 256 App. Div. 934; *Kenney* v. *South Shore Natural Gas & Fuel Co.*, 201 N. Y. 89.)

The motion of the judgment creditor should be denied and an order to that effect may be entered herein, without costs.