## KERCKAFRIC (PTY.) LTD. v. MAXWELL MEYERS AFFILIATIONS, LTD, et al.

United States District Court
S. D. New York.
Nov. 28, 1952.

---

Lord, Day & Lord, New York City (Woodson D. Scott, New York City, of counsel), for judgment creditor.

Conrad & Smith, New York City (Seymour J. Ugelow and A. Alfred Conrad, New York City, of counsel), for third party.

IRVING R. KAUFMAN, District Judge.

On December 14, 1950, the plaintiff recovered a judgment against the judgment debtor in the amount of $75,171.94, which amount remains wholly unpaid. Thereafter the judgment creditor examined the third party, Leadall Textile Co., Inc., by its president, Mr. Bernstein, in supplemental proceedings. This motion to require Leadall to pay over certain funds alleged to be due and owing to the judgment debtor followed. The motion is made under Section 794(2) of the New York Civil Practice Act which is made applicable in this court by Rule 69 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Section 794(2) after providing that a judgment creditor may by motion apply for an order directing a third party indebted to his judgment debtor to pay over money in its possession to the judgment creditor in satisfaction of the judgment, provides as follows:

"If it shall appear to the satisfaction of the court that the said third party is indebted to the judgment debtor the court must grant such an order unless the said third party or judgment debtor shall show such facts as may be deemed by the court sufficient to entitle the said judgment debtor or third party to a trial of the issues in an action brought by the judgment creditor * * *."

The law is clear that under this section and its predecessor, Section 2446 of the former N.Y. Code of Civil Procedure, no such order may be made if a genuine issue of fact appears from the papers or affidavits with respect to whether or not any money is owed by the third party to the judgment debtor or the amount of such debt, if any. Kenney v. South Shore Natural Gas & Fuel Co., 1911, 201 N.Y. 89, 94 N.E. 606; Broderick v. Stecher, 1941, 177 Misc. 270, 29 N.Y.S.2d 825; Powley v. Dorland Bldg. Co., Inc., 1939, 281 N.Y. 423, 24 N.E.2d 109; Bank of United States v. Canal Securities Corp., 1st Dept., 1937, 250 App.Div. 505, 294 N.Y.S. 760; Foley v. Foley, 1st Dept., 1939, 257 App.Div. 154, 12 N.Y.S.2d 85. Indeed, the judgment creditor's brief does not seriously controvert this, but merely categorizes the third party's contention that there are no monies owing as "preposterous". But the third party's president, Mr. Bernstein, has submitted an affidavit which, if true, directly places in issue the fact as to whether any monies are owing by the third party to the judgment debtor. An issue of fact thus presents itself and the motion must, accordingly, be denied.

Leave to proceed under Section 795 of the New York Civil Practice Act is granted.