**Elmer FRIED, Trustee in Bankruptcy of International Distributing Export Co., Inc., Judgment Creditor,**

v.

**Arturo CANO, Judgment Debtor.**

United States District Court
S. D. New York.
March 24, 1959.

Herbert Rubin, New York City, for judgment creditor.

Benjamin Gelosky, New York City, for judgment debtor.

## DAWSON, District Judge.

This motion was brought on by the judgment creditor in the course of proceedings supplementary to judgment by an order to show cause why an order should not be entered granting certain relief to the judgment creditor. The specific relief requested is as follows:

a) to compel the judgment debtor to appear for examination in supplementary proceedings at such time and place as the Court may determine;

b) for an appointment of a Receiver of the assets of the judgment debtor;

c) to compel Cangold, Inc., to repay to the judgment creditor or to the Receiver the sum of $6,425.42 owed by Cangold, Inc., to the judgment debtor.

d) to compel Cangold, Inc., the third party herein being examined by Abraham Goldstein its banquet manager and attorney, pursuant to subpoena duly served, to testify regarding all financial relationships existing between the judgment debt-

or, the corporation and its stockholders, officers and employees and with respect to any diversion of assets from the corporation with respect to which the judgment debtor may have an interest;

e) to compel the third party Ruth Goldstein, duly served with a subpoena herein, to testify with respect to any and all financial arrangements and transactions between her and the judgment debtor and between her and any person or corporation in which the judgment debtor has an interest and in respect to which the judgment debtor may have an action for diversion of assets;

f) to compel Ruth Goldstein to turn over to the judgment creditor or to any receiver appointed herein 50 per cent of the capital stock of T & D Catering Corp.

g) for such other and further relief as to the Court may seem just and proper.

The judgment creditor, as trustee in bankruptcy of the estate of International Distributing Export Company, Inc., obtained a judgment in the United States District Court, Southern District of New York, against the judgment debtor herein on November 18, 1958, for the sum of $11,500, plus interest from January 2, 1950. 167 F.Supp. 625. As appears from the affidavit submitted by the judgment creditor, the judgment was duly docketed with the Clerk of this court and transcripts were duly docketed in the offices of the County Clerks of New York and Queens Counties. Subsequently execution was issued to the Sheriff of the City of New York in Queens County. However, this execution was returned unsatisfied and the judgment remains to this date wholly unsatisfied.

Both parties have appealed to the Court of Appeals from certain portions of the judgment. No bond has been filed by the judgment debtor pending his appeal, nor has the judgment been secured in any other way.

In the affidavit submitted by the attorney for the judgment creditor he alleges

that he personally made six attempts to serve a subpoena on the judgment debtor at his place of business to compel him to appear for examination in supplementary proceedings. All of these attempts, plus attempts by others, were unsuccessful. The judgment creditor's attorney further alleges that although diligent efforts were made, he was frustrated by the shielding attempts at the judgment debtor's home, as well as at The Boulevard, a night club owned by Cangold, Inc., in which the judgment debtor has a 50% stock interest, and at which he frequently works.

Three opposing affidavits have been filed; one by Ruth Goldstein, owner of the remaining 50% stock interest in Cangold, Inc.; the second by her husband Abraham Goldstein, who is the banquet manager and attorney for the night club; and the third by Benjamin Gelosky, Esq., who avers in his affidavit that he is the attorney for the judgment debtor, Ruth Goldstein and Abraham Goldstein. Although there are some conflicting statements between the affidavit of the attorney for the judgment creditor and the opposing affidavits relating to the diligence of the attorney for the judgment creditor in his attempts to effect service of a supplementary proceedings subpoena on the judgment debtor, it appears from a complete reading of the papers that there have been some attempts to evade the service of the subpoena.

In addition, the papers show that on October 16, 1958, approximately one month before judgment was entered against the judgment debtor, he filed a financial statement with the New York State Liquor Authority setting forth certain assets which included (a) his stock in Cangold, Inc., at a value of $25,000, (b) a loan owed to the judgment debtor by Cangold, Inc., in the amount of $6,425.42, and (c) a statement by the judgment debtor that he had no liabilities.

While the judgment debtor has not himself filed any affidavits in this matter, the affidavit of Abraham Goldstein now alleges that the amounts stated and filed with the New York State Liquor Authority were incorrectly reported at that time through inadvertence. Coupled with the evasive tactics of the judgment debtor these new statements raise a serious question as to the good faith of the judgment debtor.

From the papers it is also indicated that there are certain questionable transactions regarding the proceeds of a fire insurance policy which were due to Cangold, Inc. and which may have been used for the purchase of the capital stock in the T & D Catering Corporation. Added to this, it appears that Cangold borrowed $4,500 from Nationwide Finance Corporation in return for which Mrs. Ruth Goldstein and the judgment debtor executed a pledge of their stock certificates in Cangold, Inc., to Nationwide. The judgment creditor alleges that there is an inference that any default in the payment of the loan is intended solely to permit a pretended foreclosure against the security to cut off the rights of the judgment creditor.

Although the attorney for the judgment creditor could have proceeded more artfully in his conduct of the supplementary proceedings, to deny any relief requested would only encourage the judgment debtor to continue to use evasive and obstructive tactics. It is apparent that more forceful measures are needed to discourage the judgment debtor from prolonging and extending his elusive behavior.

By virtue of Rule 69(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., the procedure on execution in a proceeding supplementary to and in aid of a judgment, and any proceedings on and in aid of execution, is in accordance with the practice and procedure of the state in which the district court is held. Therefore, § 804 of the Civil Practice Act of New York, dealing with the appointment of a receiver, is applicable.

The right to the appointment of a receiver is absolute under § 804 of the Civil Practice Act of New York which states in part:

"§ 804. Appointment, powers of and accounting by receiver.

"1. At any time after the institution of a proceeding, the court must make an order appointing a receiver of the property of the judgment debtor upon application of the judgment creditor, whether or not it shall appear that the judgment debtor has property applicable to the payment of the judgment. At least two days' notice of the application for the order appointing a receiver must be given personally to the judgment debtor, unless the court is satisfied that, with reasonable diligence, he can not be found within the state; in which case, the order must recite that fact, and may dispense with notice or direct notice to be given in any manner which the court deems proper * * *."

Supplementary proceedings have already been instituted by the service of a subpoena on third parties Ruth Goldstein and Cangold, Inc., by Abraham Goldstein.

In addition, it is to be noted that the attorney for the judgment debtor submitted an opposing affidavit, as well as appeared and argued at the hearing of this motion. There is no claim in the moving papers that the attorney was not authorized to appear for the judgment debtor. Therefore, any possible objection to the jurisdiction of this Court in this proceeding because of lack of personal notice to the judgment debtor is now waived. Moore v. Empie, 3d Dept. 1897, 17 App.Div. 218, 45 N.Y.S. 539.

Since an application for the appointment of a receiver is being made, and since this application satisfies the requirements of § 804, this Court deems it to be in the best interest of justice that a receiver be appointed of the assets of the judgment debtor. The Court designates Harold S. Lazar, Esq., of 120 Broadway, as the receiver.

This Court will order the judgment debtor to appear for examination concerning his property, income or other means for satisfying the judgment in accordance with § 775 of the Civil Practice Act of New York.

Furthermore the appointment of a receiver does not prevent the judgment creditor from obtaining an order for the examination of a third party. Smith v. Cutter, 2d Dept. 1901, 64 App. Div. 412, 72 N.Y.S. 99. Where it appears by affidavit, as it does here, that the judgment creditor, or his attorney, has reason to believe that any person or corporation has property of or is indebted to, or has knowledge or information concerning property, money or indebtedness of the judgment debtor, exceeding $10 in value, the Court may order such person or corporation to be examined as a third party or witness concerning such property, money or indebtedness. New York Civil Practice Act, § 779, 782. Since it appears from the affidavit submitted by the attorney for the judgment creditor that Ruth Goldstein and Cangold, Inc., by Abraham Goldstein, may have property or money of, or be indebted to the judgment debtor, or may have knowledge and information concerning the assets of the judgment debtor, the Court therefore will direct that Ruth Goldstein and Cangold, Inc., by Abraham Goldstein, appear to be examined concerning such money, property or indebtedness. The examination should proceed in an orderly fashion and specific objections should be ruled on in the customary manner.

There is, however, a substantial dispute as to the ownership of the stock of the T & D Catering Corporation and as to the right of the judgment debtor to 50% of the stock of that corporation. Furthermore, it appears that the amount of the debt due by Cangold, Inc., to the judgment debtor is in dispute. Where a third party's affidavit presents a factual issue as to whether the third party owes money to the judgment debtor, an order compelling payment should be denied. Kerckafric (Pty) Ltd. v. Maxwell Meyers Affiliations Ltd., D.C.S.D.N.Y.1952, 108 F.Supp. 594. Therefore, since the affidavits of Ruth Goldstein and Abra-

ham Goldstein put these facts at issue, so much of the relief which requests that Cangold, Inc., be now directed to repay its debt to the judgment debtor, or to compel Ruth Goldstein to turn over 50% of the capital stock of the T & D Catering Corporation is denied. Those issues can be determined in appropriate proceedings.

Submit order in accordance with opinion.