Ioannis KOUFOPANTELIS, Nicolaos Gillas, Nicolaos Gregos, Matheos Frangakis, Vasilios Ferendinos, Apostalos Karitos, Libellants,

v.

CIA. DE NAV. SAN GEORGE, S.A., Respondent.

Diamantis DRAKOPOULOS, Evangelos Anastasiou, Nicholas Zannikos, Markos Zannikos, Nicolaos Polizois and Stamatios Gabanas, Libellants,

v.

CIA. DE NAV. SAN GEORGE, S.A., Respondent.

Fanorios PANTELOGLOU, Libellant,

v.

CIA. DE NAV. SAN GEORGE, S.A., Respondent.

Spiridon BARDIS, Libellant,

v.

CIA. DE NAV. SAN GEORGE, S.A., Respondent.

United States District Court
S. D. New York.
Aug. 2, 1960.

Isaac Salem, New York City, for libellants; Herbert Lebovici, New York City, of counsel.

Chadbourne, O'Neill & Thomson, New York City, for respondent; John B. Whalen, New York City, of counsel.

CASHIN, District Judge.

These are motions to open the default in each of the subject actions.

In the four libels, 14 alien seamen, former members of the crew of the S/S "Santa Despo", seek recovery for overtime wages pursuant to the laws of Panama, liquidated damages under 46 U.S.C.A. §§ 596 and 597 for withheld

wages, penalty under the laws of Panama because of the change of the country of registration of the vessel, and damages for breach of the vessel's articles. That all of the claims are within the subject matter jurisdiction of this court is clear. Monteiro v. Sociedad Maritima San Nicolas, S.S. etc., 2 Cir., 1960, 280 F.2d 568. In two of the actions an attorney appeared on behalf of respondent but in none of them was an answer ever interposed. In all of the actions a decree for a sum certain was entered by default. No question is raised as to the court's jurisdiction over the person of the respondent. One of the actions, namely, Bardis v. Cia. De Nav. San George, S. A., Ad. 187–41, is slightly different from the others in that damages for personal injuries are also requested. As to the personal injury claim, judgment in favor of the libellant was entered but an inquest ordered on the issue of damages.

Libellants strongly argue that Admiralty Rule 39, 28 U.S.C.A.,[1] is applicable since the decrees, with the exception of the Bardis decree with respect to personal injuries, are final. Thus, libellants argue further, the court lacks jurisdiction to entertain the motion since more than 60 days have elapsed since the entry of the decrees. Respondent urges that Admiralty Rule 28 [2] is applicable and thus the court has jurisdiction to entertain a motion since there is no time limitation under Admiralty Rule 28.

■ I will not attempt to determine this contested issue since, in any circumstance, I believe that the respondent has not made sufficient showing to warrant the opening of the defaults. In any case, civil or admiralty, whether the judgment or decree be final or interlocutory, a showing of a meritorious defense is necessary before the default will be opened [3]; and that rule is applicable to admiralty proceedings.[4] Respondent attempts to demonstrate meritorious defenses by asserting that the claims must, of necessity, be overvalued because settlement at a small percentage of the amounts of the decrees was agreed to by libellants, and by referring to the execution by libellants of general releases when they signed off the vessel. Neither of these proposed defenses has at all been shown to be meritorious.

■ Respondent states in each of the moving papers that—

" * * * it is obvious that the libel herein is typical of the proceedings instituted by discharged seamen for grossly exaggerated claims for unpaid wages, in virtually all of which recoveries, whether by settlement or by trial, are but for small fractions of the amounts originally claimed; * * *."

Perhaps a study of all the libels filed by alien seamen for unpaid wages would prove that most claims have been exag-

---

1. Reopening default decrees
   "The court may, in its discretion, on motion of the respondent or claimant and the payment of costs, rescind the decree in any suit in which, on account of his contumacy and default, the matter of the libel shall have been decreed against him, and grant a rehearing thereof at any time within sixty days after the decree has been entered, the respondent or claimant submitting to such further orders and terms in the premises as the court may direct; and the term of the court shall be deemed extended for this purpose until the expiration of such period of sixty days."

2. Default on failure to answer
   "If the respondent or claimant shall omit or refuse to make due answer to the libel upon the return day of the process, or other day assigned by the court, the court may pronounce him to be in contumacy and default and thereupon shall proceed to hear the cause ex parte, and adjudge therein as to law and justice shall appertain. But the court may set aside the default and make the application of the respondent or claimant admit him to make answer to the libel on such terms as the court may direct."

3. 49 C.J.S. Judgments § 290.

4. North American Continental Co. v. The El Cuis, D.C.E.D.N.Y.1952, 107 F.Supp. 436.

gerated. I am, however, constrained to decide these motions on the basis of the records before me and not upon any general knowledge of what has happened in other similar cases. Mar Gong v. Brownell, 9 Cir., 1954, 209 F.2d 448. The only evidence cited by respondent in an effort to show that the claims are highly inflated is the fact that libellants had agreed to a settlement figure which is a small fraction of the amount of the decrees. Such a settlement agreement, however, could well have been impelled by the fact that former counsel for respondent implied strongly that any decree obtained would not be collectible since on September 29, 1958 he wrote to the libellants' attorney, in part, as follows:

"As we have repeatedly told you over the telephone, at the time that this action was referred to us, the company which was the owner of the S.S. Santa Despo had gone out of business, the vessel itself was sold and from what we have been able to learn recently, is presently wallowing in mud flats in a foreign country and will probably never sail the seas again."

■ We are thus left with the conclusion that the only consideration tending towards a finding that the claims are highly inflated is the bald statement of respondent's counsel that they must be because all of such claims are highly inflated. Such a statement does not establish the existence of a meritorious defense.

■■ The second argued for defense has also not been shown. It is hornbook law that one who would seek to avail himself of the benefits of a release obtained from a seaman has the burden of showing that the seaman has not been overreached.[5] All the respondent has shown on these motions is that libellants have executed releases. Not one shred of evidence supporting the voluntariness of the releases has been submitted.

Since there is no showing of a meritorious defense, the motions to open up the defaults of the wage claims are denied.

■■ The personal injury claim in the Bardis action stands on a different footing, however, from the wage claims. Clearly Admiralty Rule 28 applies and the court has jurisdiction to entertain the motion since the decree is interlocutory. The respondent has shown, at least *prima facie*, a meritorious defense because Bardis, at the time of the discharge from the vessel, was examined by a doctor in San Francisco and found fit for duty. He was then taken to New York at the expense of respondent and examined by another doctor, who reached the same conclusion. Whatever laches the respondent might be guilty of the libellant is equally guilty of since the ordered inquest has never been taken. Accordingly, the respondent may be relieved from the default to the extent that it may contest damages at any inquest which may subsequently be taken. This relief from the default is contingent on respondent posting an undertaking in the amount of $5,000 to cover a possible decree on the personal injury claim.

The motions are disposed of as indicated above.

An order shall be settled on each motion.

5. Garrett v. Moore-McCormack Co., Inc., 1942, 317 U.S. 239, 63 S.Ct. 246, 87 L.Ed. 239. See also 46 U.S.C.A. § 600.