289 F.2d 465
 John E. O'KEEFE, as Trustee in Bankruptcy of Lanson Wood
Products Corp., Plaintiff-Judgment Creditor,
v.
Rose B. LANDOW, Mitchell Landow, Eugene Shedlarz, Rosalynd
Klipper, Ellis Klipper, Herman Wolfson and Irving
E. Kolton, doing business as
Construction Associates,
Defendants-Judgment Debtors.
John E. O'Keefe, as Trustee in Bankruptcy of Lanson Wood
Products Corp., Petitioner-Appellee, Sydney D.
Bierman, Third-Party-Respondent-Appellant.
 No. 293, Docket 26737.
 United States Court of Appeals Second Circuit.
 Argued Feb. 20, 1961.
Decided May 4, 1961.
 
 Lawrence C. Gutman, New York City (Leo H. Raines, New York City, on the brief), for appellee.
 Howard Robert Lass, New York City, for third-party-respondent-appellant.
 Before HINCKS and MOORE, Circuit Judges, and BRENNAN, District Judge.*
 LEONARD P. MOORE, Circuit Judge.
 
 
 1
 This is an appeal from an order of the United States District Court for the Eastern District of New York entered in the course of proceedings supplementary to execution upon a motion by the Plaintiff-Judgment-Creditor for an order directing Third Parties, Sydney D. Bierman and Samuel Feldman, to turn over certain escrow monies in their possession to plaintiff. The order directs Bierman, the Third-Party-Appellant, to pay the sum of $2,430 to John E. O'Keefe, as Trustee in Bankruptcy of Lanson Wood Products Corporation (Lanson). Feldman did not appeal and agreed to abide by the determination of the Court.
 
 
 2
 In April, 1957, Bierman, a lawyer licensed in the State of New York, was retained by Ellis Klipper on a one-third contingent fee basis to bring an action upon a promissory note for $2,700 made by Construction Associates (Construction) to the order of Lanson, which note was subsequently transferred by Lanson to Klipper. Bierman on behalf of Klipper commenced an action against Construction in the New York City Municipal Court, and on May 2, 1958, this action was settled pursuant to a stipulation which provided that Construction would pay the sum of $2,430 to Bierman; that the payment would be held in escrow by Bierman 'pending the judicial determination of theclaim to the proceeds of the note * * * asserted by the Trustee in Bankruptcy of Lanson Wood Products Corp.'; and that upon final determination of the Trustee's claim, the 'net proceeds' of the note would be turned over to the 'prevailing party.'
 
 
 3
 On August 12, 1958, the Trustee in Bankruptcy commenced an action against Klipper and others seeking to set aside various allegedly preferential transfers including the $2,700 note. On June 14, 1960, a judgment was entered in favor of the Trustee. Shortly thereafter, in proceedings supplementary to execution of this judgment pursuant to Section 794 of the New York Civil Practice Act and Rule 69 of the Federal Rules of Civil Procedure, 28 U.S.C.A., the Court below ordered Bierman to turn over to the Trustee the $2,430 held in escrow, without prejudice to Bierman's right to apply to the Referee in Bankruptcy of Lanson for any attorney's fee due him and without prejudice to his lien, if any.[1]
 
 
 4
 Bierman contends here that the order below destroyed a 'valid and subsisting attorney's lien.' Bierman, however, was acting only on behalf of Klipper and was not the attorney for the Trustee or the bankrupt estate. His attorney's lien would attach only to the funds to which Klipper would have been entitled. An attorney cannot obtain a lien against funds to which his client has no claim. The escrow funds were not the property of Klipper and would have become so only if Klipper had turned out to be the 'prevailing party' in his dispute with the Trustee over the proceeds of the note. Having lost this dispute, Klipper recovered nothing and thus Bierman had no lien on the funds.
 
 
 5
 Bierman also argues that the Trustee's remedy was a plenary action and not supplementary proceedings pursuant to Section 794 of the Civil Practice Act, since the latter is available only when no issue of fact exists as to the judgment creditor's right to collect from the third party. See, e.g., Kenney v. South Shore Natural Gas & Fuel Co., 1911, 201 N.U. 89, 94 N.E. 606; Kerckafric Ltd. v. Maxwell Meyers Affiliations, Ltd., D.C.S.D.N.Y.1952, 108 F.Supp. 594. The only issue below, however, concerned Bierman's right to share in the funds held in escrow, and this right was conditioned upon a recovery by Klipper. Since Klipper was entitled to nothing, there would be no issue remaining for determination in a plenary suit.
 
 
 6
 The order is affirmed.
 
 
 
 *
 Sitting by designation, U.S. District Judge, Northern District of New York
 
 
 [1]
 The portion of the order preserving Bierman's right to apply to the Referee in Bankruptcy did not change a final and appealable turnover order into an interlocutory and non-appealable order. Even though the order of turn-over was without prejudice to Bierman's lien rights which were left for determination by the Referee in the bankruptcy proceedings, the turn-over order called for a final change of the possession of the fund and it was a final act of the court in the plenary action below