303 F.2d 641
 Panorios PANTELOGLOU, Judgment Creditor,
v.
CIA. DE NAV. SAN GEORGE, S.A., Judgment Debtor.
Diamantis DRAKOPOULOS et al., Judgment Creditors,
v.
CIA. DE NAV. SAN GEORGE, S.A., Judgment Debtor, Spiridon
BARDIS, JudgmentCreditor, v. CIA. DE NAV. SAN
GEORGE, S.A., Judgment Debtor.
Santa Maria Shipowning & Trading Company, S.A., Cia. de
Navegacion SanMartine, S.A., Panathena Trading &
Shipowning Company and Cargo &
TankshipManagement
Corporation,
Third-
Party Appellants.
 Nos. 135-137, Dockets 27091-27093.
 United States Court of Appeals Second Circuit.
 Argued Dec. 8, 1961.
Decided June 6, 1962.
 
 Chadbourne, O'Neill & Thompson, New York City (John B. Whalen, New York City, of counsel), for third-party appellants Santa Maria Shipowning & Trading Co., S.A., Cia. de Navegacion San Martine, S.A., and Panathena Trading & Shipowning Co.
 Alfange & Friedman, New York City, (Philip A. Friedman, New York City, of counsel), for third-party appellant Cargo & Tankship Management Corp.
 Isaac Salem, New York City (Herbert Lebovici, New York City, of counsel), for judgment creditors-appellees.
 Before WATERMAN, SMITH and MARSHALL, Circuit Judges.
 WATERMAN, Circuit Judge.
 
 
 1
 This is an appeal from an order entered in a supplementary proceeding in the United States District Court for the Southern District of New York, pursuant to Rule 69(a), Federal Rules of Civil Procedure, 28 U.S.C.A. Appendix and New York Civil Practice Act, 794, by which the third parties Santa Maria Shipowning & Trading Company, S.A., Cia. de Navegacion San Martine, S.A., Panathena Trading & Shipowning Company, and Cargo & Tankship Management Corporation were ordered to pay the judgment creditors Panorios Panteloglou, Diamantis Drakopoulos et al., and Spiridon Bardis, the money judgments which these creditors had individually obtained against Cia. de Nav. San George, S.A.
 
 
 2
 The parties involved in this action are the following: All of the libelants are alien seamen who were formerly of the crew of the S/S 'Santa Despo,' which was owned by the judgment debtor when the libelants were members of the crew. The judgment debtor, now dissolved, was a Panamanian corporation that formerly owned two ships, the S/S 'Santa Despo' and the S/S 'Santa Despoina.' Three of the four third parties, namely, Santa Maria Shipowning & Trading Company, S.A., Cia. de Navegacion San Martine, S.A., and Panathena Trading & Shipowning Company, are also foreign shipowning corporations. They and the judgment debtor were collectively known as the 'Santa Group.' All four of these corporations have shareholders in common. The final third party appellant, Cargo & Tankshop Management Corporation, acts as ships' agent for all of the 'Santa Group.' Its predecessor in this capacity was a corporation known as Mar-Trade Corp.
 
 
 3
 These two ships' agents made disbursements and collected charter hires and other income for the group. Although the ships' agents maintained a single account for the entire 'Santa Group' they also kept separate records for each of the four ship-owning corporations and rendered separate monthly statements to each.
 
 
 4
 In April and June 1959 the present libelants and other alien seamen from the S/S 'Santa Despo' obtained default judgments against Cia. de Nav. San George, S.A. on wage claims, and at least one seaman, appellee Bardis, also on a personal injury claim. The defendant's subsequent motions to open the default judgments were denied. Koufopantelis v. Cia. de Nav. San George, S.A., 194 F.Supp. 956 (S.D.N.Y.1960), affirmed, 291 F.2d 709 (2 Cir.), cert. denied, 368 U.S. 895, 82 S.Ct. 173, 7 L.Ed.2d 93 (1961).
 
 
 5
 On July 20, 1959, several of the seamen, now having become judgment creditors, brought a supplementary proceeding in the federal district court under N.Y.Civ.Prac. Act 794[1] and Admiralty Rule 20, 28 U.S.C.A.[2] to recover the amounts of their respective judgments against the other members of the 'Santa Group' and against Cargo & Tankship Management Corporation. Examination in that proceeding of the account which the 'Santa Group' had with Cargo & Tankship Management Corp. revealed the following state of affairs. On January 1, 1959, the judgment debtor, Cia. de Nav. San George, S.A., had a credit with Cargo & Tankship of over $1,000,000. On January 4, 1959, the judgment debtor sold its one remaining ship, the 'Santa Despoina' for $860,000 over and above the mortgage on the vessel (the 'Santa Despo' had been sold in 1955), and $805,000 of this amount was added to the judgment debtor's account with Cargo & Tankship on or before January 26, 1959. Although three judgments aggregating $51,822.71 were entered against the debtor in favor of the appellees between January 26 and July 23, 1959, on the latter date a credit of more than $1,800,000 still existed in the defendant's account on the books of Cargo & Tankship. On the next day, July 24, this credit disappeared. A large part of it, $1,131,000, was transferred by a book entry from the judgment debtor's account to the accounts of the other members of the 'Santa Group.' After July 31, 1959, Cargo & Tankship's books showed a debit of over $12,000 in the defendant's account. On the basis of this examination of the ships' agent's books the district court ordered the four third parties to pay the judgments obtained against Cia. de Nav. San George, S.A. by the seamen who had brought that supplementary proceeding. This court in Koufopantelis v. Cia. de Nav. San George, S.A., 291 F.2d 709 (2 Cir.), cert. denied, 368 U.S. 895, 82 S.Ct. 173, 7 L.Ed.2d 93 (1961), affirmed that order as to the ship-owning third parties but reversed it as to Cargo & Tankship on the grounds stated in that opinion at 712.
 
 
 6
 While the Koufopantelis appeal was pending, other of the seamen who had recovered judgments against Cia. de Nav. San George, S.A. brought the present supplementary proceeding against the same third parties that were involved in the Koufopantelis case. On the basis of the examination in the Koufopantelis proceeding, the present judgment creditors made a motion under N.Y.Civ.Prac. Act 794 for an order directing the third parties to pay these seamen's respective judgments against Cia. de Nav. San George, S.A. The motion was granted against all of the third parties. After this court rendered its opinion in Koufopantelis, reversing the order in that case as to Cargo & Tankship, the ships' agent moved for rehearing on the judgment creditors' motion in the present case; but rehearing was denied.
 
 
 7
 The ship-owning third parties contend that the court below erred in ordering them to pay the plaintiffs' judgments without a new examination in the present proceeding to determine whether they were indebted to the defendant. But section 794 does not require that any examination of the third parties be made before the judge orders payment. The section only requires that the judgment creditors commence a supplementary proceeding and satisfy the court that the third party is indebted in an ascertainable amount to the defendant. It was entirely proper for the earlier proceeding, the examination in the earlier proceeding, since the parties examined were the same as in this proceeding, and the debt there at issue was the same as here.
 
 
 8
 Next, the ship-owners claim that a genuine factual dispute exists on the question whether they are indebted to the defendant. If a question of fact does indeed exist, the court may not make an order under section 794; instead the judgment creditor must institute a plenary action under N.Y.Civ.Prac.Act. 795. Kenney v. South Shore Natural Gas & Fuel Co., 201 N.Y. 89, 94 N.E. 606 (1911); Powley v. Dorland Bldg. Co., 281 N.Y. 423, 427, 24 N.E.2d 109 (1939); (dictum) Kerckafric (Pty.) Ltd. v. Maxwell Meyers Affiliations, Ltd., D.C., 108 F.Supp. 594, 595 (1952). But we concluded in Koufopantelis that there was no genuine dispute as to the indebtedness of the ship-owning third parties. Even if that decision is not controlling in this case, it is at least highly persuasive as to the result we should reach here. Seeking to avoid the result in that case, the third parties now assert that any debt which they might have owned to the defendant at the time of the examination in Koufopantelis, the fall of 1959, might not have existed on September 26, 1960, when subpoenas for examination of the third parties were served in the present proceeding. They point out that on April 1, 1960, a supersedeas bond was posted in the Koufopantelis case, removing all restraint from further transfers. But the contentions of the ship-owning third parties are mere speculation. They have shown nothing to indicate that their prior indebtedness does not continue to exist. Section 794 requires them to produce facts, not to indulge in speculations, to support their theory that they are not indebted to the defendant.[3]
 
 As the court below stated:
 
 9
 'The plain fact remains that on January 1, 1959, the judgment debtor had an ocean-going vessel; that on January 4, 1959, it had over $800,000 in cash; that in April and June of 1959, the judgments involved here were entered against the debtor; that until July 23, it was credited with $1,800,000 on Cargo & Tankship's books; and that on July 24, 1959, it had neither vessel, cash, nor credit.'
 
 
 10
 Since the ship-owning third parties presented no evidence to the contrary, the court below was correct in concluding that they were then indebted to Cia. de Nav. San George, S.A. We, therefore, affirm the order of the district court as to these third parties.
 
 
 11
 Turning to the appeal of Cargo & Tankship Management Corp., we believe reversal is required as to that party. In Koufopantelis this court unanimously decided that the relationship of Cargo & Tankship to the funds once in its hands in the account it kept in the name of the judgment debtor could not be determined summarily under section 794. We follow our prior holding and reverse the order below as to Cargo & Tankship.
 
 
 12
 Order affirmed in part and reversed in part.
 
 
 
 [1]
 Section 794 states in pertinent part:
 '2. At any time after the commencement of a special proceding authorized by this article, the judgment creditor may * * * apply to the court for an order directing the said third party to pay to the judgment creditor * * * a sum on account of the alleged indebtedness not exceeding the judgment with interest. If it shall appear to the satisfaction of the court that the said third party is indebted to the judgment debtor the court must grant such an order unless the said third party or judgment debtor shall show such facts as may be deemed by the court sufficient to entitle the said judgment debtor or third party to a trial of the issues in an action brought by the judgment creditor or a receiver of the judgment debtor or any claimant to said indebtedness.'
 
 
 [2]
 Admiralty Rule 29 states in pertinent part;
 'Any * * * remedies shall be available that may exist under the state or federal law for the enforcement of judgments or decrees.'
 
 
 [3]
 Section 794(2) states:
 'If it shall appear to the satisfaction of the court that the said third party is indebted to the judgment debtor the court must grant such an order unless the said third party or judgment debtor shall show such facts as may be deemed by the court sufficient to entitle the said judgment debtor or third party to a trial * * *.' (See footnote 1.)