In the Matter of WALTER S. POWLEY against DORLAND BUILDING CO., INC.
ARTHUR WIENER, as Receiver, Appellant; HARRY STRONGIN, as Receiver, Respondent.

Argued September 26, 1939; decided November 21, 1939.

*Leo E. Sherman* and *Edgar W. Hendrickson* for appellant.

*Gerson C. Young* for respondent.

Hubbs, J.   The Dorland Building Co., Inc., was organized in 1922 as a family corporation.  The corporation commenced a foreclosure action on a second mortgage against Kalgreen Realty Corporation et al., defendants, on property in the borough of Brooklyn, New York city.  On November 28, 1931, Harry Strongin, the president of the plaintiff corporation, was appointed receiver of rents for the benefit of the plaintiff Dorland corporation.  His appointment was procured at the request and with the consent of the directors, officers and stockholders of the corporation.

On May 17, 1933, the Williamsburg Savings Bank, holder of a first mortgage on the property, brought foreclosure actions, and on June 1, 1933, it obtained orders extending Strongin's receivership for its benefit.  In May, 1934, the properties were sold, and there resulted large deficiencies. The Dorland corporation's second mortgages were wiped out. The Dorland Building Co., Inc., knew that the only amounts it could receive on its second mortgages were the rents received by the receiver up to June 1, 1933, when the receivership was extended for the benefit of the first mortgagee.

On December 26, 1934, Strongin filed an account of his receivership running from November 28, 1931, to June 1, 1933, and the account concluded as follows:

| | |
|---|---:|
| Total receipts | $27,444 79 |
| Total disbursements | 22,595 55 |
| Balance on hand | $4,849 24 |

In fact there was no such balance. The receiver, Strongin, contending that the only party interested in the fund was the Dorland corporation, had, he claimed, paid over to that corporation the whole of the balance before the accounting.

On March 1, 1938, the appellant was appointed receiver in supplementary proceedings of the Dorland corporation and he served a notice of motion for an order " pursuant to section 794 of the Civil Practice Act, directing the third party, Harry Strongin, receiver of the rents and profits in the action pending * * * to turn over to the receiver in supplementary proceedings of the judgment-debtor Dorland Building Co., Inc., Arthur Weiner, the sum of $4,849.24, with appropriate interest, in his possession belonging to the judgment-debtor Dorland Building Co., Inc." The court made an order directing that the motion " is referred to an Official Referee to take evidence and determine whether the third party is in possession of the funds claimed."

The referee, after a trial, decided that Strongin as receiver had accounted for $1,532.50 of the sum of $4,849.24, the balance in his possession, but that there remained a balance of $3,316.74 which was still in his possession and still due the judgment debtor. The Special Term made an order directing Harry Strongin to turn over to the appellant the sum of $3,316.74, with interest.

The Appellate Division unanimously reversed the order of the Special Term without prejudice to the right of the judgment creditor or the receiver in supplementary proceedings to maintain an action against the third party. The court was of the opinion that in a proceeding under

section 794 of the Civil Practice Act the court is without power to determine disputed questions of fact as to the existence of an indebtedness.

Section 794 of the Civil Practice Act reads in part: " 2. At any time after the commencement of a special proceeding authorized by this article, the judgment creditor may by notice of motion served either personally or as the court may direct, upon the judgment debtor and such third party as described in the preceding subdivision of this section, apply to the court for an order directing the said third party to pay to the judgment creditor, unless a receiver has been appointed or a receivership has been extended to the special proceeding and in that case to the receiver, a sum on account of the alleged indebtedness not exceeding the judgment with interest. If it shall appear to the satisfaction of the court that the said third party is indebted to the judgment debtor the court must grant such an order unless the said third party or judgment debtor shall show such facts as may be deemed by the court sufficient to entitle the said judgment debtor or third party to a trial of the issues in an action brought by the judgment creditor or a receiver of the judgment debtor or any claimant to said indebtedness.   *   *   *."

Section 795 of the Civil Practice Act provides: " Where it appears from the examination or testimony taken or other proof satisfactory to the court that a person or corporation is indebted to the judgment debtor, the court may make an order authorizing the judgment creditor to maintain an action against such person or corporation for the recovery of such debt.   *   *   *."

The Appellate Division is undoubtedly correct in its statement that in proceedings under section 794 of the Civil Practice Act the court is without power to determine disputed questions of fact as to the existence of an indebtedness. (*Kenney* v. *South Shore Natural Gas & Fuel Co.*, 201 N. Y. 89.) Here, however, the issues have been tried and all the necessary parties were before the court. Nothing could be done in an action brought for the purpose that

was not done here. Where it appears that parties have stipulated or acquiesced in the proceedings in a court of general jurisdiction they become bound by the judgment entered. (*Matter of Malloy*, 278 N. Y. 429.) The question here is, assuming that the proper procedure was to have tried the issues in an action brought for that purpose, whether the parties acquiesced in the procedure adopted.

The respondent does not claim that on the hearing before the referee there was any objection made to the power of the referee to hear the issues. On the motion when the referee was appointed no objection was made that the moving party must be relegated to a trial of the issues in an action, pursuant to section 795 of the Civil Practice Act. The claim of respondent made throughout is that the receiver, Strongin, did have funds in his possession but that he had paid them over to the Dorland corporation. The argument made is that the Dorland corporation had the right to all the money and received it; therefore, the referee could not legally determine that Dorland possessed funds of the judgment debtor. That is an argument on the merits. It is not an argument that the referee had no power to examine the question under section 794 of the Civil Practice Act. The argument is, in other words, that, conceding the referee had the power to examine the question of fact as to whether the third party had any money in his possession belonging to the corporation, the facts show that he had no such money. No objection was made to the introduction of evidence before the referee upon the ground that he was without authority to try the issue. The issue tried by the referee without objection was whether the third party, Strongin, as receiver, owed any money to the corporation or had any of its money in his possession. That was a question of fact. The objection that should have been made if Strongin, the third party, did not desire to have the issue as to whether he possessed funds belonging to the Dorland corporation, the judgment debtor, tried, was that the referee was without authority to try that issue. No such objection was made. In fact, the respond-

ent's attorney asked the referee to find that no money was owed by Strongin as receiver to the judgment creditor. He said: " That is my side of the case, sir. If the Court please, I now move that in accordance with the order made referring this matter to you as Official Referee, to take evidence and determine whether the third party, Harry Strongin, as receiver, is in possession of the funds claimed, that you find and hold that the third party is not in possession of any funds whatsoever."

The respondent cannot put in his evidence and take his chance that he will win and, upon his failure, claim that the reference was illegal. It was within the power of the parties to confer jurisdiction on the court to determine the issues. The reference had the same effect as a reference in a judgment creditor's action against a third party under section 795 of the Civil Practice Act would have had. The parties conferred jurisdiction on the court by the failure to raise the objection now made. (*Baird* v. *Mayor*, 74 N. Y. 382.)

The referee found that the respondent was in possession of $3,316.74 belonging to the judgment debtor. There is evidence to support the finding. The Appellate Division reversed on the law, thereby affirming the findings.

Other questions have been raised which we do not deem it necessary to discuss.

The order of the Appellate Division should be reversed and the orders of the Special Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., LEHMAN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Ordered accordingly.