Burke, J.
(dissenting). The appellant, Gray, represented the Hedger Corporation in a suit which it brought against the Aluminum Company of Canada. Hedger, it is contended, agreed to settle that suit for $10,000, provided all of that sum was paid to Gray for his attorney’s fee. While the settlement check was in the hands of Aluminum’s attorneys, the Industrial Commissioner of the State of New York moved under section 794 of the Civil Practice Act for a turnover order directing pay- *506 meat of so much of said sum to satisfy the State’s judgments for unpaid unemployment insurance payments. Gray opposed the issuance of such an order on the ground that the settlement agreement between Hedger and Aluminum invested him with ownership of the $10,000 and, therefore, that fund was not the property of Hedger and could not be the subject of the third-party proceeding.
After the examination of the third party, the attorneys for Aluminum, the commissioner agreed to release $7,900 of the fund to Gray. This appeal concerns the rights to the $2,100 balance.
Thereafter, the commissioner moved Special Term for a turnover order for the $2,100 balance, “ subject to a determination by this court or an Official Referee as to the validity and extent of a certain claim of [an] attorney’s lien on this fund ”. It was the contention of the commissioner that “ such a fee [of $10,000] would be unreasonable, unfair to creditors and against public policy ”. Gray opposed the appointment of a Referee before whom he could have established the fair value of Ms services. His opposition was based on the ground that he owned the fund outright and that he was not claiming an attorney’s lien in this case. When the matter finally came on for a hearing before the Official Referee, Gray refused to appear because he erroneously believed that such an appearance would waive his jurisdictional objection. (Matter of Powley v. Dorland Bldg. Co., 281 N. Y. 423, 428.) The Referee accordingly noted the default and returned the papers to Special Term, wMch eventually granted the turnover order. (Civ. Prac. Act, § 794, subd. 2.) Before that order was granted, however, Gray again made it explicitly clear that he was not asserting an attorney’s lien on the $2,100 but claimed title thereto.
It is Gray’s position on this appeal that as the tMrd-party beneficiary of the Hedger-Aluminum settlement contract, he had title to the disputed fund. TMs contention is without merit.
As a tMrd-party beneficiary Gray has a chose in action, a mere right to enforce that contract. His status of a third-party beneficiary does not, however, vest him with ownersMp of the fund in question. (4 Corbin on Contracts, § 779J; see, also, §§ 563, 803, n. 36.) Perhaps the interest of a tMrd-party beneficiary would be sufficient to defeat the issuance of a turnover order to an ordinary judgment creditor, but in tMs case *507 we decide only that Gray’s contractual interest cannot defeat the State’s common-law priority to payment.
In Marshall v. New York (254 U. S. 380, 382-383), quoted with approval in Matter of Gruner (295 N. Y. 510, 523) it was said: “ At common law the crown of Great Britain, by virtue of a prerogative right, had priority over all subjects for the payment out of a debtor’s property of all debts due it. The priority was effective alike whether the property remained in the hands of the debtor, or had been placed in the possession of a third person or was in custodia legis. The priority could be defeated or postponed only through the passing of title to the debtor’s property, absolutely or by way of lien, before the sovereign sought to enforce his right. * * * The courts of New York decided that * * * the State, as sovereign, succeeded to the crown’s prerogative right of priority; and that the priority was not limited to amounts due for taxes, but extended alike to all debts due to the State ”.
Applying this principle to the case at bar, it is apparent that Gray’s status as a third-party beneficiary cannot prevail against the State.
The appellant was unwilling to prove the value of his services and consequently eschewed a claim grounded on an attorney’s lien, but preferred to risk all his rights on an assertion of title to the fund. The appellant having failed to establish title, this court may not sustain a disowned claim, which, on this record, has not been proven, for an attorney’s lien for the full amount of the available fund (1) when the fairness of the attorney’s fee charged is disputed; (2) when the attorney had an opportunity to establish the fairness of his fee but refrained from doing so, and (3) when rebuttal proof could have been adduced at a hearing to show that his fee was excessive. (Rentways, Inc., v. O'Neil Milk & Cream Co., 308 N. Y. 342, 349; Persky v. Bank of America Nat. Assn., 261 N. Y. 212; 6 Carmody on New York Practice [2d ed.], § 336, p. 255.)
The order appealed from should be affirmed.
Dye, Fuld, Fbobssel and Van Voobhis, JJ., concur with Desmond, J.; Bubke, J., dissents in an opinion in which Conway, Ch. J., concurs.
Orders reversed, etc.