MIDWOOD COOPERATIVE, INC., Respondent, v. STUART S. DANOFF et al., Appellants, et al., Defendant.— Appeal by defendants other than Bonnie Danoff from an order of the Supreme Court, Kings County, dated January 28, 1974, which denied their motion to compel the County Clerk of the County of Kings to accept a demand for a jury trial and for other related relief. Order reversed, with $20 costs and disbursements to appellants against plaintiff, and motion granted. The primary purpose of this action is to recover possession of a "dwelling unit" from defendants. The dissent has placed too great an emphasis on the declaratory relief sought. The prayer for such relief is ancillary to the prayer for ejectment. Plaintiff specifically demanded in its complaint "that the Court grant to the plaintiff the right to enter and repossess the * * * dwelling unit and remove all persons and personal property therefrom" and "that the plaintiff * * * recover immediate possession of the * * * dwelling unit." Since the complaint clearly states a cause of action in ejectment, appellants are entitled to a jury trial (CPLR 4101). Gulotta, P. J., Christ and Brennan, JJ., concur; Martuscello and Shapiro, JJ., dissent and vote to affirm, with the following memorandum: In this action for declaratory judgment, plaintiff in part seeks a declaration that the appellants "have abandoned all their rights to the occupancy of the dwelling unit in question and to the Proprietary Agreement itself" and "that the COOPERATORS have forfeited all their rights under and pursuant to the provisions of all of

the aforesaid AGREEMENTS in question." Plaintiff has a right to seek such a declaratory judgment (cf. *Great Riv. Realty Corp.* v. *Emanuel Church*, 284 App. Div. 977, affd. 308 N. Y. 973; *Woollard* v. *Schaffer Stores*, 272 N. Y. 304; *Lincoln Co-op. Apts.* v. *Zaifert*, 23 A D 2d 796). While it is true that plaintiff also seeks to eject appellants from the premises in question, that relief is only corollary to the finding of a declaration of rights in their favor. In this case plaintiff's claim that appellants be ejected from the premises is pure surplusage and could very well have been omitted from the complaint, since in a declaratory judgment action the court has plenary power to grant any appropriate relief, whether demanded or not (CPLR 3017, subd. [a]). The order under review was therefore properly made.