**6** MARKEL BERGER et al., Appellants, v MALNEUT REALTY CORP., Respondent.—Order and judgment (one paper), Supreme Court, New York County (Burton S. Sherman, J.), entered March 13, 1991, which granted the defendant's motion for summary judgment, dismissing the complaint, granted judgment on the counterclaim, directed the Sheriff to remove the plaintiffs from the premises, and referred the issue of use and occupancy to a Referee to hear and determine for an assessment of money damages, is unanimously reversed, on

the law, and on the facts, only to the extent appealed from, and the following language is deleted from the order and judgment: "ORDERED, that the issue of use and occupancy and money damages is severed and referred to the Legal Support Office for assignment to a Special Referee to hear and determine for an assessment of damages", and substitute in its place the following language: "an immediate jury trial is directed on the issue of use and occupancy", with costs.

In May 1983, Mr. Markel Berger and Ms. Joan Snyder (plaintiffs) commenced a declaratory judgment action against Malneut Realty Corp. (defendant) to determine if plaintiffs were statutorily protected Loft tenants. Following the service and filing of its answer, containing affirmative defenses, and a counterclaim for ejectment and possession of the property, defendant moved for summary judgment. The IAS Court, in its order and judgment, *inter alia,* granted defendant's motion for summary judgment, and referred the issue of use and occupancy to a Special Referee to hear and determine for an assessment of damages. The plaintiffs appeal only from so much of the order as referred the issue of use and occupancy to a Referee.

It is well established law that a party's right to a jury trial is not lost, when a motion for summary judgment is decided against such party *(Livingston v Blumenthal,* 248 App Div 138 [1st Dept 1936]; *Ballon v Galison,* 281 App Div 960 [1st Dept 1953]). Since the defendant's counterclaim is for ejectment, and historically there has been a right of a jury trial in an ejectment action *(City of Syracuse v Hogan,* 234 NY 457 [1923]; *Midwood Coop. v Danoff,* 45 AD2d 842 [1974]), and our examination of the record indicates that plaintiffs have not waived said right, we find that the IAS Court erred, by referring the issue of use and occupancy to a Special Referee to hear and determine.

Accordingly, we reverse the order and judgment only to the extent appealed from, and direct an immediate jury trial on the issue of use and occupancy. Concur—Murphy, P. J., Milonas, Ross and Rubin, JJ.