■ In the Matter of TROCOM CONSTRUCTION CORP., Respondent-Appellant, v ELLIOT G. SANDER, as Transportation Commissioner of the City of New York, et al., Respondents, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., et al., Appellants-Respondents. [672 NYS2d 716] —Order, Supreme Court, New York County (David Saxe, J.), entered January 13, 1997, which, upon renewal and reargument, adhered to a judgment of the same court and Justice, entered on or about May 8, 1996, granting the petition to the extent of directing respondent Con Edison's compliance with an Order Out Notice issued by respondent Commissioner of the City of New York Department of Transportation, but denying that part of the petition seeking to compel respondent Commissioner's enforcement of said Order Out Notice, unanimously affirmed, without costs.

The IAS Court properly held that respondent Con Edison must comply with the subject Order Out Notice requiring removal of certain obstructions interfering with an ongoing public works project since noncompliance with the Order Out Notice would have delayed the public works project indefinitely (*see,* Administrative Code of City of NY § 19-143 [b]; *City of New York v Consolidated Edison Co.,* 114 AD2d 217, 220).

The IAS Court also properly dismissed the petition as against respondents Commissioner and City of New York since the City was under no legal obligation to compel compliance with the Order Out Notice, and a petition pursuant to CPLR article 78 in the nature of mandamus seeking to compel an official act will lie only if " 'officials are *duty-bound* to perform' " the act sought (*Matter of Altamore v Barrios-Paoli,* 90 NY2d 378, 385, quoting *Klostermann v Cuomo,* 61 NY2d 525, 540). Concur—Ellerin, J. P., Wallach, Tom and Mazzarelli, JJ.