■ CITY OF NEW YORK, Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, et al., Defendant. [769 NYS2d 11]—

Order, Supreme Court, New York County (Michael Stallman, J.), entered May 17, 2002, which, to the extent appealed from, in this action to recover penalties assessed for defendant Consolidated Edison's (Con Edison) failure to perform utility interference work in accordance with the requirements of Administrative Code of the City of New York § 24-521, granted plaintiff's motion for summary judgment and directed the Clerk to enter judgment in plaintiff's favor in the principal amount of $385,000, unanimously affirmed, without costs.

Plaintiff's notices to remove obstructions were not arbitrary or capricious (*see Matter of Pell v Board of Educ.*, 34 NY2d 222, 231 [1974]; *City of New York v Consolidated Edison Co. of N.Y.*, 114 AD2d 217, 223 [1986]). Such notices were issued subsequent to the expiration of the three-month period requested by defendant Con Edison for relocation of its obstructing facilities and, evidently, in the absence of any request by defendant for an extension, and the delay in the affected municipal sewer project, located near an elementary school and necessitating extensive street excavation, would likely have been detrimental to the public welfare.

Defendant's arguments that plaintiff's notices were arbitrary and capricious do not raise triable issues of fact. Neither the common law nor Administrative Code § 24-521 required plaintiff to act as an arbitrator between its contractor and defendant or to permit defendant to relocate its facilities onto public land. We reject defendant's argument that section 24-521 is limited to direct, as opposed to indirect, interferences (*see City of New*

*York v Consolidated Edison Co. of N.Y.*, 274 AD2d 189, 192 [2000], *appeal dismissed* 96 NY2d 727 [2001]). Plaintiff's language makes no such distinction.

Defendant's argument that it did not receive adequate notice until September 15, 1999 of the penalties to which it was exposed for failing to timely remove the obstructions is unavailing. The references in the July 1999 notices to Administrative Code § 24-521, which in turn refers to Administrative Code § 19-150, should have alerted defendant to the possibility that it faced a penalty of up to $5,000 per day, especially since defendant has frequently litigated the issue of interferences (*see Matter of Diamond Asphalt Corp. v Sander*, 92 NY2d 244 [1998]; *Matter of Consolidated Edison Co. of N.Y. v Lindsay*, 24 NY2d 309 [1969]; *City of New York*, 274 AD2d 189, *supra*; *Matter of General Contrs. Assn. of N.Y. v Tormenta*, 259 AD2d 177 [1999], *lv denied* 95 NY2d 754 [2000]; *Matter of Trocom Constr. Corp. v Sander*, 251 AD2d 17 [1998], *lv denied* 92 NY2d 811 [1998]).

The $5,000 per day penalty is not so disproportionate to the offense as to shock our sense of fairness (*Pell*, 34 NY2d at 233). We have warned defendant on at least two prior occasions that it "does *not* have the option to leave the interferences in place, and thereby delay projects pending efforts to induce contractors to do the work at a price [it] deems fair" (*City of New York*, 274 AD2d at 194; *City of New York v Consolidated Edison*, 114 AD2d at 220). Concur—Mazzarelli, J.P., Saxe, Williams, Lerner and Marlow, JJ.