■ TROCOM CONSTRUCTION CORP., Respondent, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. (And a Third-Party Action.) [777 NYS2d 454]—

Judgment, Supreme Court, New York County (Michael D.

Stallman, J.), entered December 16, 2002, awarding plaintiff the principal amount of $319,610.61, and bringing up for review an order, same court and Justice, dated October 17, 2001, which granted plaintiff partial summary judgment as to liability and referred the issue of the amount of damages to a special referee, and order, same court and Justice, dated November 29, 2002, which granted plaintiff's motion to confirm the referee's report and denied defendant's cross motion for an order reducing the damage award and directing a jury trial on mitigation of damages, unanimously reversed, on the law, without costs, the judgment and the reference vacated, and the matter remanded for a jury trial on damages.

In 1993, the City of New York awarded a public improvement project to plaintiff Trocom Construction Corp. for reconstruction of Fifth Avenue between East 109th and East 111th Streets (the Project). In order to complete the Project, some underground utility facilities had to be relocated, supported or protected (Interference Work). As part of the Project, Trocom also entered into a contract with defendant Consolidated Edison Company of New York, Inc. (Con Ed), whereby Con Ed agreed to bear the cost for Interference Work attributable to it, and Trocom agreed to perform the work on Con Ed's behalf.

In the course of reconstruction, Trocom claimed that certain of Con Ed's utilities and backfill material interfered with the Project. Con Ed disputed that it was responsible for the Interference Work. When Trocom and Con Ed could not resolve the matter, the City issued an "Order Out Notice"* dated October 4, 1995, which directed Con Ed to "immediately relocate, remove, or alter [its interfering] structures at [its own] expense." When Con Ed still refused to comply, Trocom commenced a CPLR article 78 proceeding to enforce the City's order. The Supreme Court (David B. Saxe, J.) ordered Con Ed to comply with the City's order "forthwith and without delay." The court explained that Con Ed's "sole remedy is to comply with the notice and sue the City for damages upon proof that the notice was arbitrarily and/or incorrectly issued."

Con Ed moved for renewal based on the fact that Trocom had completed the disputed work itself prior to the issuance of the Supreme Court's order directing Con Ed's compliance with the "Order Out Notice." Con Ed maintained that consequently the

---

* An "Order Out Notice" is a notice pursuant to Administrative Code of the City of New York § 24-521 (b) which orders a public service corporation such as Con Ed to "remove or otherwise protect and replace [its] pipes, mains and conduits, and all fixtures and appliances connected therewith or attached thereto, where necessary."

prior compliance order was moot and should be vacated. The court denied renewal, specifically refusing to address the validity of the underlying "Order Out Notice." This Court affirmed, noting that Con Ed must comply with the "Order Out Notice" since noncompliance "would have delayed the public works project indefinitely" (*Matter of Trocom Constr. Corp. v Sander*, 251 AD2d 17 [1998], *lv denied* 92 NY2d 811 [1998]).

Thereafter, Trocom commenced the instant action, seeking damages from Con Ed for the cost of the Interference Work and for the delay that Con Ed caused to the rest of the Project. Con Ed answered and brought a third-party action against the City. Con Ed claimed that the "Order Out Notice" was invalid and improperly issued and therefore the City was liable for Con Ed's costs in defending the article 78 proceeding and for judgment over and against the City should Con Ed be found liable to Trocom.

Trocom filed a note of issue and certificate of readiness for a trial in which it demanded trial by jury of all issues. Thereafter, Trocom moved for partial summary judgment on the issue of liability. The Supreme Court granted Trocom partial summary judgment, noting that Con Ed's sole remedy was to bring an action against the City regardless of the propriety of the underlying "Order Out Notice." The court, sua sponte, referred the issue of the amount of damages to a special referee to hear and report.

At the outset of the hearing, Con Ed asserted that the issues regarding damages, including proximate cause and mitigation, were issues of fact for a jury. Trocom argued that Con Ed should have appealed from or moved to reargue the reference order. The referee rejected Con Ed's objection and took testimony on the issue of damages, ultimately issuing a report recommending that the court award damages to Trocom in the principal amount of $235,981.31.

Trocom moved for an order to modify and confirm the referee's report, and Con Ed cross-moved for a reduction of the damage award and for a jury trial on the issue of Trocom's failure to mitigate damages. The Supreme Court confirmed and modified the referee's report to reflect an upward modification in damages to the principal amount of $319,610.61. Judgment was entered accordingly.

We find that the Supreme Court properly granted Trocom partial summary judgment on the issue of liability. Notably, the Supreme Court, in the earlier article 78 proceeding, explained that Con Ed's sole remedy was to comply with the "Order Out Notice" and then seek damages from the City upon a showing

that the City had arbitrarily issued the order, and this Court affirmed (*Matter of Trocom Constr. Corp. v Sander*, 251 AD2d 17 [1998], *supra*). Upon renewal, the Supreme Court refused to take a position on the propriety of the "Order Out Notice" as it was irrelevant to Con Ed's obligation to promptly comply, and this Court affirmed (*id.*).

Con Ed did exercise its remedy and sued the City in the instant underlying third-party action. Notably, the Supreme Court denied the City's motion to dismiss the third-party action on the ground that "the claims that Con Ed is asserting in its third-party complaint against the City are precisely the sort of claims which the court in the article 78 proceeding held were preserved and could be later asserted by Con Ed against the City," and this Court affirmed (300 AD2d 154 [2002]).

The fact that the propriety of the "Order Out Notice" was not adjudicated in the article 78 proceeding is irrelevant to plaintiff's right to recover damages in the instant lawsuit. The sole issue determinative of liability here is whether Trocom suffered damages because Con Ed failed to timely comply with the "Order Out Notice," not whether the City properly issued the "Order Out Notice" notice. Indeed, as has been repeatedly stated throughout this lawsuit and the prior article 78 proceeding, Con Ed's sole remedy is to comply with the "Order Out Notice" and then sue the City (*see also City of New York v Consolidated Edison Co. of N.Y.*, 114 AD2d 217 [1986]; *Balport Constr. Co. v Consolidated Edison Co. of N.Y.*, Sup Ct, NY County, Nov. 19, 1984, Evans, J., Index No. 18059/82, *affd* 111 AD2d 1081 [1985]), which it has already done. Accordingly, the Supreme Court properly found in Trocom's favor on the issue of liability.

While the liability finding was proper, we conclude, as Con Ed urges, that the Supreme Court erred in referring the issue of damages to a referee to hear and report, thereby depriving it of its right to a trial by jury. While plaintiff correctly asserts that the reference order is an appealable paper (*see General Elec. Co. v Rabin*, 177 AD2d 354, 356 [1991]), we reject its contention that Con Ed's failure to appeal from that order precludes our review of Con Ed's continued and consistent claim that it was entitled to a jury trial on the issue of damages. Similarly, we reject the Supreme Court's finding that Con Ed waived its right to a jury trial on damages because it did not appeal the order of reference at the time it was rendered.

Indeed, it is beyond cavil that an "appeal from a final judgment brings up for review . . . any non-final judgment or order which necessarily affects the final judgment" (CPLR 5501 [a]

[1]; *see also Wolf v Rand*, 258 AD2d 401, 404 [1999]; *McGraw v Wack*, 220 AD2d 291, 292 [1995]). Thus, whether the court erred in depriving Con Ed of a jury trial on the issue of damages is an issue properly before us upon review of the final judgment.

We also reject Trocom's further contention that Con Ed waived its right to a jury trial by fully participating in the hearing before the referee. Plaintiff's reliance on *Gottesman Bus. Brokers v Goldman Fire Prevention Corp.* (238 AD2d 250 [1997]) is undoubtedly misplaced as the plaintiff there, without registering an objection, participated in a hearing before a special referee. Indeed, participation in a hearing after objecting, as Con Ed clearly did here, does not constitute a waiver (*see City of New York v Delafield 246 Corp.*, 236 AD2d 11, 21-22 [1997], *lv denied* 91 NY2d 811 [1998]; *Petnel v American Tel. & Tel. Co.*, 284 App Div 1094 [1954], *rearg denied* 285 App Div 992 [1955]).

Turning to the merits, we find that the court erred in issuing, sua sponte, an order of reference, without Con Ed's consent. Plaintiff's assertion that the referee had the authority to report presupposes that the initial reference order was proper. CPLR 4317 (b) provides that a court may, without the parties' consent, order a reference to determine "an issue of damages separately triable and not requiring a trial by jury." When, on a motion for summary judgment, only issues of fact remain which relate to the extent and amount of damages, "the court may, when appropriate for the expeditious disposition of the controversy, order an immediate trial of such issues of fact raised by the motion, before a referee, before the court, or before the court and a jury, whichever may be proper" (CPLR 3212 [c]). This statutory provision "does not vest discretion in the court to require the trial of such issues of fact before any type of fact finder other than would be required were there no motion for summary judgment" (*Marshall, Bratter, Greene, Allison & Tucker v Mechner*, 53 AD2d 537, 537 [1976]; *accord Livingston v Blumenthal*, 248 App Div 138 [1936]). Had the nisi prius court not granted Trocom partial summary judgment and Trocom thereafter prevailed at trial on the issue of liability, Con Ed would have been entitled to a jury trial on damages. As Con Ed did nothing which would constitute a waiver of that right, the court erred in issuing a reference order (*id.*). We need not reach Con Ed's remaining contentions regarding lost productivity and mitigation of damages in light of our determination. Concur—Buckley, P.J., Nardelli, Marlow and Gonzalez, JJ.