■ In the Matter of NYAT OPERATING CORP., Formerly Known as NEW YORK APPLE TOURS, INC., et al., Petitioners, v NEW YORK CITY DEPARTMENT OF CONSUMER AFFAIRS, Respondent. [783 NYS2d 532]—

Determination of respondent, dated December 31, 2001, which, inter alia, upheld an Administrative Law Judge's decision revoking NYAT's license to operate a sightseeing bus company and imposing $1,234,500 in fines, and additionally denied any future licenses to the individual petitioners or any corporation or business entity in which they hold a 10% or greater interest, individually or in combination, unanimously confirmed, the petition denied and the proceeding (transferred to this Court by order of Supreme Court, New York County [Paula J. Omansky, J.], entered on or about August 26, 2002) dismissed, without costs. The Clerk is directed to enter judgment for respondent in the amount of the fines.

Petitioner was formed in 1991 to operate sightseeing tour buses in New York City. In a prior CPLR article 78 proceeding to annul orders issued by respondent, temporarily suspending petitioners' license, this Court reversed the grant of preliminary injunctive relief and ruled in favor of the agency (*see Matter of New York Apple Tours v Hoffman*, 278 AD2d 70 [2000], *appeals dismissed* 96 NY2d 729 [2001]). Following that order, respondent conducted a full administrative hearing over the course of approximately 34 days, during which 70 witnesses testified. The Administrative Law Judge who presided over the hearing sustained the charges against petitioners based on evidence of NYAT's long history of violating city, state and federal laws by, inter alia, operating unlicensed buses, violating consent judgments entered into with respondent, operating an illegal bus maintenance and repair center, and breaking numerous vehicle and traffic laws. Petitioners had also pleaded guilty in federal court to charges alleging that NYAT had engaged in a fraudulent scheme to import double-decker buses illegally.

Substantial evidence supports respondent's findings that NYAT is a persistent offender whose misconduct has repeatedly imperiled public safety through continuous efforts to evade city, state and federal laws. It has also violated a federal plea agreement as well as agreements with respondent and other agencies, which called on it to take remedial measures to cure the illegal condition of its buses. The evidence further supports the finding that the individual petitioners, who claimed ignorance

of NYAT's wrongdoings, were owners and corporate officers of the company and were well aware of the corporation's illegal activities.

Respondent's determination was not irrational, arbitrary or capricious, and should not be disturbed (*see Matter of Pell v Board of Educ.*, 34 NY2d 222, 231 [1974]). Furthermore, in light of petitioners' proven misconduct, the penalty imposed is not shocking to our sense of fairness (*see Matter of Ansbro v Mc-Guire*, 49 NY2d 872 [1980]). Respondent is entitled to judgment (*City of New York v Consolidated Edison Co. of N.Y.*, 1 AD3d 282 [2003]). Concur—Tom, J.P., Saxe, Williams, Marlow and Sweeny, JJ.