■ LYLE COGEN et al., Respondents, v ROBIN KLINGER CHILDREN'S ENTERTAINMENT et al., Appellants. [793 NYS2d 508]—

In an action to recover damages for breach of contract, the defendants appeal from (1) an order of the Supreme Court, Nassau County (Franco, J.), dated December 9, 2003, which denied

their motion to vacate a decision of a referee dated November 12, 2003, and (2) a judgment of the same court (Joseph, J.), entered February 11, 2004, which is in favor of the plaintiffs and against them in the principal sum of $19,815.

Ordered that the appeal from the order is dismissed, as no appeal lies from an order denying a motion to vacate a decision (*see Matter of Colonial Penn Ins. Co. v Culley*, 144 AD2d 363 [1988]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiffs.

In June 1999 the plaintiffs Lyle Cogen and Pint Size Productions, Inc. (hereinafter Pint Size), entered into an oral agreement with the defendants whereby the defendants agreed to book concerts as Cogen's agent and Cogen would perform at these concerts. According to the oral agreement, the defendants were entitled to 15% of the gross payments from each booking and would receive the initial payments generated by the concert, take out the commission owed, and remit the balance to the plaintiffs. The plaintiffs allege that the defendants breached this oral agreement by failing to remit money owed for concert performances. By order dated August 14, 2003, the Supreme Court granted the plaintiffs' motion for summary judgment on the issue of liability. The court referred the matter to a referee for a hearing on the issue of damages.

On October 21, 2003, the parties appeared before a referee for this hearing to assess damages against the defendants. The plaintiffs produced a spreadsheet which was received into evidence without objection. The spreadsheet contained a receivable report outlining how much money each party was due for the concert performances. In a "decision, order and judgment" dated November 12, 2003, the referee determined that the defendants owed the plaintiffs the principal sum of $19,815. The defendants moved to vacate the decision of the referee. The Supreme Court denied the defendants' motion and entered a judgment in the plaintiffs' favor.

The Supreme Court was authorized by CPLR 4317 (b) to order a reference to determine the issue of damages separately triable owing to the grant of summary judgment to the plaintiffs on the issue of liability unless a jury trial was required. The damages issue must go to a jury trial if a party so requests (*see Livingston v Blumenthal*, 248 App Div 138 [1936]; Siegel, NY Prac § 379, at 613 [3d ed]). Here, the defendants readily participated in the hearing before the referee and made no effort, insofar as the record on appeals reveals, to ask for a jury trial of the damages issue. Therefore, they waived their right to

a jury trial (*see Gottesman Bus. Brokers v Goldman Fire Prevention Corp.*, 238 AD2d 250 [1997]; *cf. Trocom Constr. Corp. v Consolidated Edison Co. of N.Y., Inc.*, 7 AD3d 434, 438 [2004]; *Berger v Malneut Realty Corp.*, 174 AD2d 308, 309 [1991]).

The defendants' remaining contentions either are unpreserved for appellate review or without merit. H. Miller, J.P., Crane, Spolzino and Fisher, JJ., concur.