■ DAVID R. CAPLAN, Appellant, v LAWRENCE E. TOFEL et al., Respondents. [822 NYS2d 760]—

In an action to recover damages for breach of contract, the plaintiff appeals from an amended judgment of the Supreme Court, Dutchess County (Pagones, J.), entered December 29, 2004, which, after a trial to determine the damages on the counterclaim of the defendant Tofel, Karan & Partners, P.C., and upon, inter alia, an order of the same court dated November 12, 2004, which, among other things, denied that branch of his application which was for a jury trial on the issue of damages on that counterclaim, is in favor of the defendant Tofel, Karan & Partners, P.C., and against him in the principal sum of $34,122.25.

Ordered that the amended judgment is reversed, on the law, with costs, that branch of the plaintiff's application which was for a jury trial on the issue of damages on the counterclaim of the defendant Tofel, Karan & Partners, P.C., is granted, the order dated November 12, 2004 is modified accordingly, and the matter is remitted to the Supreme Court, Dutchess County, for a jury trial on the issue of damages on that counterclaim.

The Supreme Court erred in denying that branch of the plaintiff's application which was for a jury trial on the issue of damages on the counterclaim of the defendant Tofel, Karan & Partners, P.C. "When, on a motion for summary judgment, only issues of fact remain which relate to the extent and amount of damages, 'the court may, when appropriate for the expeditious disposition of the controversy, order an immediate trial of such issues of fact raised by the motion, before a referee, before the court, or before the court and a jury, whichever may be proper' " (*Trocom Constr. Corp. v Consolidated Edison Co. of N.Y., Inc.,* 7 AD3d 434, 438 [2004], quoting CPLR 3212 [c]). However, this statutory provision " 'does not vest discretion in the court to require the trial of such issues of fact before any type of fact finder other than would be required were there no motion for summary judgment' " (*Trocom Constr. Corp. v Consolidated Edison Co. of N.Y., Inc., supra,* at 438, quoting *Marshall, Bratter, Greene, Allison & Tucker v Mechner,* 53 AD2d 537, 537 [1976]; *cf. Livingston v Blumenthal,* 248 App Div 138, 139-140

[1936]). Therefore, the plaintiff was entitled to a jury trial on the issue of damages if that right was not waived (*cf. Cogen v Robin Klinger Children's Entertainment*, 17 AD3d 619, 620-621 [2005]).

Contrary to the Supreme Court's determination, the plaintiff did not waive that right. Pursuant to CPLR 2218, the Supreme Court was required to give the plaintiff an "opportunity to demand a jury trial" on the issue of damages (*see Baseball Off. of Commr. v Marsh & McLennan*, 295 AD2d 73, 80 [2002]; *Lipetz v Palmer*, 216 AD2d 367, 368 [1995]). Where, as here, the court did not indicate in its order granting partial summary judgment on liability the time within which a demand for a jury trial must be made, and no note of issue was filed, the plaintiff had until the commencement of the trial to demand a jury (*see* CPLR 2218; *Sosnowski v Kolovas*, 127 AD2d 756, 757-758 [1987]; *cf.* CPLR 4102 [a]; *Cogen v Robin Klinger Children's Entertainment, supra; Barrella v Richmond Mem. Hosp.*, 88 AD2d 379, 381 [1982]). The plaintiff made his demand for a jury trial before the commencement of the trial, and therefore such right was not waived. Accordingly, we remit the matter to the Supreme Court, Dutchess County, for a jury trial on the issue of damages.

However, the Supreme Court providently exercised its discretion in denying that branch of the plaintiff's application which was to depose the defendants (*see Blagrove v Cox*, 294 AD2d 526 [2002]).

The plaintiff's remaining contentions have been rendered academic in light of our determination.

Motion by the respondents on an appeal from an amended judgment of the Supreme Court, Dutchess County, entered December 29, 2004, inter alia, to dismiss the appeal. By decision and order on motion of this Court dated December 13, 2005, that branch of the motion which was, in effect, to dismiss the appeal on the ground that review of the issues raised on the appeal is barred because these issues were the subject of a prior appeal to this Court, which appeal was dismissed for failure to prosecute, was referred to the Justices hearing the appeal for determination upon the argument or submission thereof.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the submission of the appeal, it is

Ordered that the branch of the motion which was, in effect, to dismiss the appeal on the ground that review of the issues raised on the appeal is barred is denied. Crane, J.P., Ritter, Rivera and Lunn, JJ., concur.