S. Nicolia & Sons Realty Corp., Appellant, v A.J.A. Concrete Ready Mix, Inc., Doing Business as AJA Concrete, Inc., et al., Respondents. [15 NYS3d 106]—

In an action, inter alia, to recover damages for breach of

contract, in which the defendants counterclaimed to recover damages for wrongful eviction and wrongful removal of property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Schellace, Ct. Atty. Ref.), entered May 16, 2013, which, upon a decision of the same court dated February 22, 2013, made after a nonjury trial, is in favor of the defendants on the counterclaim and against it in the principal sum of $219,382.

Ordered that the judgment is affirmed, with costs.

The plaintiff waived its right to object to the Supreme Court's authority to order a reference to determine certain issues concerning damages by failing to object to the reference and actively participating in the hearing before the Referee (see *Winopa Intl., Ltd. v Woori Am. Bank*, 59 AD3d 203, 204 [2009]; *Cogen v Robin Klinger Children's Entertainment*, 17 AD3d 619 [2005]; *587 Dev., Inc. v Pizzuto*, 8 AD3d 5 [2004]). A party who does not object to a reference on the ground that the reference was not authorized "cannot put in his [or her] evidence and take [a] chance that he [or she] will win and, upon his [or her] failure, claim that the reference was illegal" (*Matter of Powley v Dorland Bldg. Co.*, 281 NY 423, 429 [1939]).

The plaintiff's contention that it is entitled to reversal of the judgment based on errors made by the Referee is without merit. "The credibility determinations of a referee are entitled to deference on appeal, since the referee had the opportunity to see and hear the witnesses" (*Tihomirovs v Tihomirovs*, 123 AD3d 808, 809 [2014]). The defendants counterclaimed to recover damages for wrongful eviction and wrongful removal of property. The property alleged to have been wrongfully removed by the plaintiff included "fill," which is material used to build wells and foundations in order to reduce the amount of concrete needed. Here, the record supports the Referee's rejection of the plaintiff's claim that the fill required further processing in order to be salable. Moreover, while the plaintiff presented some evidence concerning the processing to which raw material is subjected in order to produce useable fill, it failed to adduce evidence concerning the cost of such processing.

The record is inadequate to review the plaintiff's contention that the Referee incorrectly calculated the amount of the fill that was removed. Both parties acknowledge in their briefs that the calculation was made based on 139 work tickets prepared by the plaintiff. However, the record only contains 46 of these work tickets.

"It is the obligation of the appellant to assemble a proper record on appeal" (that contains all of the relevant papers that

were before the Supreme Court (*Barretti v Solucorp Indus., Ltd.*, 102 AD3d 642, 642 [2013] [internal quotation marks omitted]; *see* CPLR 5526; *Gaffney v Gaffney*, 29 AD3d 857 [2006]). Here, the record is inadequate to enable this Court to make an informed decision on the merits of whether the Referee properly calculated the amount of fill that was removed.

The plaintiff's contention that the Referee improperly permitted a nonexpert witness for the defendant to testify concerning the value of the fill is without merit. Value is not strictly a subject for expert testimony. The opinion of a nonexpert witness may be received concerning the value of property "where the witness is shown to be acquainted with the value of similar things . . . The amount of knowledge that a witness must be shown to possess in order to qualify to testify to an opinion as to value is largely discretionary with the Trial Judge" (Jerome Prince, Richardson on Evidence § 7-202 [*n*] at 451-452 [Farrell 11th ed 1995]). Here, it was not an improvident exercise of the Referee's discretion to accept the testimony of the defendants' witness concerning the value of the fill. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.