■ S. NICOLIA & SONS REALTY CORP., Appellant, v A.J.A. CONCRETE READY MIX, INC., Doing Business as AJA CONCRETE, INC., et al., Respondents. [30 NYS3d 636]—

Motion by the plaintiff for leave to reargue an appeal from a judgment of the Supreme Court, Nassau County, entered May 16, 2013, which was determined by decision and order of this Court dated July 29, 2015.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated July 29, 2015 (*S. Nicolia & Sons Realty Corp. v A.J.A. Concrete Ready Mix, Inc.*, 130 AD3d 1004 [2015]) is recalled and vacated, and the following decision and order is substituted therefor:

In an action, inter alia, to recover damages for breach of contract, in which the defendants counterclaimed to recover damages for wrongful eviction and wrongful removal of property, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Schellace, Ct. Atty. Ref.), entered May 16, 2013, which, upon a decision of the same court dated February 22, 2013, made after a nonjury trial, is in favor of the defendants on the counterclaim and against it in the principal sum of $219,382.

Ordered that the judgment is affirmed, with costs.

The plaintiff waived its right to object to the Supreme Court's authority to order a reference to determine certain issues concerning damages by failing to object to the reference and actively participating in the hearing before the Referee (*see Winopa Intl., Ltd. v Woori Am. Bank*, 59 AD3d 203, 204 [2009]; *Cogen v Robin Klinger Children's Entertainment*, 17 AD3d 619 [2005]; *587 Dev., Inc. v Pizzuto*, 8 AD3d 5 [2004]). A party who does not object to a reference on the ground that the reference was not authorized "cannot put in his [or her] evidence and take [a] chance that he [or she] will win and, upon his [or her] failure, claim that the reference was illegal" (*Matter of Powley v Dorland Bldg. Co.*, 281 NY 423, 429 [1939]).

The plaintiff's contention that it is entitled to reversal of the

judgment based on errors made by the Referee is without merit. "The credibility determinations of a referee are entitled to deference on appeal, since the referee had the opportunity to see and hear the witnesses" (*Tihomirovs v Tihomirovs*, 123 AD3d 808, 809 [2014]). The defendants counterclaimed to recover damages for wrongful eviction and wrongful removal of property. The property alleged to have been wrongfully removed by the plaintiff included "fill," which is material used to build wells and foundations in order to reduce the amount of concrete needed. Here, the record supports the Referee's rejection of the plaintiff's claim that the fill required further processing in order to be salable. Moreover, while the plaintiff presented some evidence concerning the processing to which raw material is subjected in order to produce useable fill, it failed to adduce evidence concerning the cost of such processing.

The Referee's determination as to the amount of fill removed from the site was supported by the testimony of the defendant David Soleimani that between 8,000 and 10,000 cubic yards of fill was removed from the site. The Referee calculated damages based upon a lesser figure of 5,282 cubic yards, based upon 139 work tickets prepared by the plaintiff for loads of fill removed by the plaintiff from the site. The work tickets included in the record indicate that a typical load was 38 cubic feet, indicating that the amount of fill removed from the site was closer to 5,282 cubic yards, than the initial estimate of 8,000 to 10,000 cubic yards.

The plaintiff's contention that the Referee improperly permitted a nonexpert witness for the defendants to testify concerning the value of the fill is without merit. Value is not strictly a subject for expert testimony. The opinion of a nonexpert witness may be received concerning the value of property "where the witness is shown to be acquainted with the value of similar things . . . The amount of knowledge that a witness must be shown to possess in order to qualify to testify to an opinion as to value is largely discretionary with the Trial Judge" (Jerome Prince, Richardson on Evidence § 7-202 at 451-452 [Farrell 11th ed 1995]). Here, it was not an improvident exercise of the Referee's discretion to accept the testimony of the defendants' witness concerning the value of the fill. Rivera, J.P., Leventhal, Roman and Hinds-Radix, JJ., concur.