Aurora Loan Servs., LLC v Tobing (2019 NY Slip Op 03751)





Aurora Loan Servs., LLC v Tobing


2019 NY Slip Op 03751


Decided on May 15, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
CHERYL E. CHAMBERS
ROBERT J. MILLER, JJ.


2017-05945
 (Index No. 103567/08)

[*1]Aurora Loan Services, LLC, appellant,
v
Sylvia Tobing, respondent, et al., defendants.


Sandelands Eyet LLP, New York, NY (Margaret S. Stefandl and Tiffany L. Maldonado of counsel), for appellant.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Richmond County (Philip J. Minardo, J.), dated March 13, 2014. The order, upon a decision of the same court (Peter G. Geis, Ct. Atty. Ref.), dated December 18, 2013, in effect, denied the plaintiff's motion for summary judgment on the complaint and for an order of reference, and searched the record and awarded summary judgment in favor of the defendant Sylvia Tobing dismissing the complaint.
ORDERED that the order is modified, on the law, by deleting the provision thereof searching the record and awarding summary judgment in favor of the defendant Sylvia Tobing dismissing the complaint; as so modified, the order is affirmed, without costs or disbursements.
In August 2008, the plaintiff commenced this action to foreclose a mortgage given by the defendant Sylvia Tobing (hereinafter the defendant), encumbering certain real property on Staten Island (hereinafter the mortgaged premises). The complaint, and the subsequently filed amended complaint, both alleged that the defendant defaulted under the terms of the note and mortgage by failing to make certain required monthly payments that were due on May 1, 2008, and thereafter. The complaint and the amended complaint both stated that, given the defendant's default, the plaintiff elected "to call due the entire amount secured by the mortgage."
The defendant interposed a verified answer in response to the plaintiff's allegations. As relevant here, the defendant asserted one affirmative defense which alleged that "[t]he plaintiff failed to satisfy a condition precedent prior to the commencement of this action."
The plaintiff subsequently moved for summary judgment on the complaint and for an order of reference. The defendant opposed the plaintiff's motion. The defendant argued that paragraph 22 of the subject mortgage required the plaintiff to provide her with written notice of her default at least 30 days before the plaintiff was permitted to accelerate the loan. The defendant argued that the plaintiff's motion for summary judgment should be denied because there was "a genuine issue of material fact as to whether the Plaintiff accelerated the Mortgage pursuant to the terms of the Mortgage." The defendant also argued, among other things, that she was entitled to summary judgment dismissing the complaint.
In an amended order dated October 18, 2013, the Supreme Court directed a Court Attorney Referee (hereinafter the Referee) to hear and determine "[w]hether the 30-day Notice [of default] was properly sent" in accordance with the terms of the subject mortgage. In a decision dated December 18, 2013, the Referee determined that the 30-day notice relied upon by the plaintiff had not been sent to the mortgaged premises as required by the terms of the mortgage. Accordingly, the Referee concluded that "the 30 day notice was not properly sent."
In the order appealed from, the Supreme Court, upon the determination of the Referee, in effect, denied the plaintiff's motion for summary judgment on the complaint and for an order of reference, and searched the record and awarded summary judgment in favor of the defendant dismissing the complaint.
The plaintiff contends, inter alia, (1) that the Supreme Court improperly referred the matter to the Referee to hear and determine a contested factual issue, and (2) that the Supreme Court erred in searching the record and awarding the defendant summary judgment because the 30-day notice of default is a condition precedent to acceleration, not a condition precedent to commencing a foreclosure action. We modify.
"In a court which has jurisdiction over the subject matter of the litigation, the parties may agree, within broad limits, as to the mode of trial" (Matter of Wolf v Assessors of Town of Hanover, 308 NY 416, 419; accord CPLR 4317[a]). "Statutory procedures and, indeed, even the constitutionally protected right to a jury trial may be waived by the parties' acquiescence in the procedure adopted" (Matter of Wolf v Assessors of Town of Hanover, 308 NY at 419-420; see Matter of Powley v Dorland Bldg. Co., 281 NY 423, 429). "The appointment of a referee to hear and determine, made by a court fully vested with jurisdiction, relates only to the form of trial and, if upon consent, is unassailable" (Matter of Wolf v Assessors of Town of Hanover, 308 NY at 420 [citation omitted]).
Here, the plaintiff waived its right to object to the Supreme Court's authority to order a reference to determine whether the 30-day notice of default was properly sent in accordance with the terms of the subject mortgage by failing to object to the reference and by actively participating in the hearing before the Referee (see S. Nicolia & Sons Realty Corp. v A.J.A. Concrete Ready Mix, Inc., 137 AD3d 994, 994; Winopa Intl., Ltd. v Woori Am. Bank, 59 AD3d 203, 204; Cogen v Robin Klinger Children's Entertainment, 17 AD3d 619, 620; 587 Dev., Inc. v Pizzuto, 8 AD3d 5, 5). A party who does not object to a reference on the ground that the reference was not authorized "cannot put in his [or her] evidence and take [a] chance that he [or she] will win and, upon his [or her] failure, claim that the reference was illegal" (Matter of Powley v Dorland Bldg. Co., 281 NY at 429; see Matter of Wolf v Assessors of Town of Hanover, 308 NY at 420; S. Nicolia & Sons Realty Corp. v A.J.A. Concrete Ready Mix, Inc., 137 AD3d at 994).
The plaintiff's remaining contention with respect to the determination of the Referee is without merit. Inasmuch as the complaint purports to accelerate the loan and seeks to recover the entire outstanding amount of the loan, the Referee's determination that the plaintiff had not complied with a condition precedent to acceleration required the denial of the plaintiff's motion for summary judgment on the complaint and for an order of reference (see Wilmington Sav. Fund Socy. FSB v Yisroel, 166 AD3d 1056, 1056-1057; Emigrant Bank v Myers, 147 AD3d 1027, 1027-1028; Nationstar Mtge., LLC v Dimura, 127 AD3d 1152, 1153; cf. Long Is. Sav. Bank of Centereach, F.S.B. v Denkensohn, 222 AD2d 659, 659).
However, the plaintiff's failure to demonstrate that it properly accelerated the entire amount of the loan prior to the commencement of this action does not, as a matter of law, necessarily preclude the plaintiff from recovering on the unpaid installments which have already come due. "With respect to a mortgage payable in installments, separate causes of action accrue[ ] for each installment that is not paid" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; see Fulton Holding Group, LLC v Lindoff, 165 AD3d 1053, 1055-1056; see also 2 Bergman on New York Mortgage Foreclosures § 17.02). In New York, "partial foreclosure exists as a form of judicial foreclosure" (2 Bergman on New York Mortgage Foreclosures § 17.01; accord RPAPL 1351[2]), [*2]and permits a lender to recover unpaid installments that have become due, without accelerating the remaining portion of the debt (see Golden v Ramapo Improvement Corp., 78 AD2d 648, 650-651; see also 2 Bergman on New York Mortgage Foreclosures § 17.03). Accordingly, as the plaintiff correctly contends, compliance with the conditions of acceleration contained in paragraph 22 of the subject mortgage is not a condition precedent to commencing this foreclosure action to the extent that the plaintiff seeks to recover unpaid amounts that have already come due under the terms of the note and mortgage (see Golden v Ramapo Improvement Corp., 78 AD2d at 650-651). Under these circumstances, the Supreme Court should not have searched the record and awarded summary judgment in favor of the defendant dismissing the complaint (see CPLR 3212[b]; see generally Goetz v Trinidad, 168 AD3d 688).
RIVERA, J.P., BALKIN, CHAMBERS and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court