Hilton Wiener LLC v Zenk (2024 NY Slip Op 02595)

Hilton Wiener LLC v Zenk

2024 NY Slip Op 02595

Decided on May 09, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: May 09, 2024

Before: Kern, J.P., Oing, Kennedy, Scarpulla, Pitt-Burke, JJ. 

Index No. 657440/19 Appeal No. 2237 Case No. 2023-05960 

[*1]Hilton Wiener LLC, Plaintiff-Respondent,
v
Fred Zenk, Defendant-Appellant.

Steven G. Legum, Mineola, for appellant.
Katz Law, P.C., Tappan (David M. Katz of counsel), for respondent.

Judgment, Supreme Court, New York County (Dakota D. Ramseur, J.), entered July 20, 2023, and bringing up for review an order, same court and Justice, entered August 23, 2022, which, inter alia, granted plaintiff's motion for summary judgment on its claim for quantum meruit and denied defendant's motion for summary judgment dismissing that claim, and bringing up for review an order, same court and Justice, entered June 2, 2023, which, after a bench trial on damages, awarded $33,050 as the reasonable value of plaintiff's services in an underlying arbitration, unanimously reversed, on the law, without costs, the judgment vacated, and the matter remanded for a jury trial on damages. Appeal from aforesaid orders, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Supreme Court properly denied summary judgment to defendant based on lack of standing. Plaintiff, an LLC, is the successor-in-interest of the Law Offices of Hilton Wiener, Esq., whose sole attorney provided arbitration services to defendant pursuant to a May 2014 retainer agreement (see Hilton M. Wiener, LLC v Andersen, 2020 NY Slip Op 32652[U] [Sup Ct, NY County 2020]).
However, the order awarding damages must be reversed, and the judgment vacated (see e.g. Trocom Constr. Corp. v Consolidated Edison Co. of N.Y., Inc., 7 AD3d 434, 435 [1st Dept 2004]). Upon granting plaintiff summary judgment for liability on its quantum meruit claim, Supreme Court conducted a hearing on attorneys' fees. However, claims seeking recovery under the "quasi-contractual theory of quantum meruit" for "only money damages" are considered "actions at law" entitling parties to a trial by jury (Hudson View II Assoc. v Gooden, 222 AD2d 163, 168 [1st Dept 1996]; see TY Elec. Corp. v DelMonte, 101 AD3d 1626, 1626 [4th Dept 2012]; CPLR 4101[1]). Defendant did not waive a jury trial, but instead filed his jury demand "within fifteen days after service of the note of issue," and more than a year before the purported attorney fee hearing was held (CPLR 4102[a]). Defendant's "right to a jury trial [wa]s not lost, when [the] motion [and cross-motion] for summary judgment [were] decided against [him]" (Berger v Malneut Realty Corp., 174 AD2d 308, 309 [1st Dept 1991]), yet Supreme Court deprived him of this right by conducting a bench trial on damages (see Trocom Constr. Corp., 7 AD3d at 437-438).
Defendant's contention that the Justice demonstrated bias and prejudice arises solely from the Justice's rulings in the case. This is insufficient to warrant reassignment upon remand (see e.g. People v Glynn, 21 NY3d 614, 618 [2013]).
In view of the foregoing, we decline to reach defendant's remaining contentions, as they all arise from the manner in which Supreme Court conducted the bench trial.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 9, 2024